**Antoinette M. HAMIDIAN, Plaintiff,**

v.

**Frank OCCULTO, Defendant.**

**No. 93–0556.**

United States District Court,
M.D. Pennsylvania.

May 10, 1994.

---

Richard J. Orloski, Allentown, PA, for plaintiff.

Michael P. Perry, Scranton, PA, for defendant.

## MEMORANDUM

VANASKIE, District Judge.

On April 15, 1993, Plaintiff Antoinette M. Hamidian ("Hamidian") commenced the above-captioned civil rights action pursuant to 42 U.S.C. § 1983 against defendant Frank Occulto ("Occulto"), former Chief of Police of the Dunmore Police Department, seeking damages for false arrest, false imprisonment and malicious prosecution. (Dkt.Entry # 1, p. 2 and Dkt.Entry # 37.) Occulto filed a Motion for Summary Judgment on February 7, 1994, (Dkt.Entry # 25), and the case was then reassigned to the undersigned on March 2, 1994. (Dkt.Entry # 29.) A Pre–Trial conference was held on April 29, 1994, at which time the parties were directed to submit supplemental briefs on Occulto's pending Motion for Summary Judgement. The supplemental briefs having been timely filed, the matter is now ripe for disposition.

## I.  BACKGROUND

Hamidian claims that on April 19, 1990, she was driving her vehicle at the intersection of Corner and Apple Streets in Dunmore, Pennsylvania when Occulto was driving his vehicle in the opposite direction at the same intersection.[1] (Dkt.Entry # 37, p. 1.) Hamidian asserts that upon seeing her at the intersection, Occulto blocked her exit from the street, exited his vehicle and initiated a "street confrontation." (Dkt.Entry # 37, p. 2.) At the time of the confrontation, Occulto was not in uniform, did not have a badge or identification card, and was driving his personal vehicle.

As Occulto approached her vehicle, Hamidian maintains she took her foot off the brake and allowed her car to "nudge" forward.[2] (Dkt.Entry # 37, p. 2.) With Occulto still approaching, Hamidian contends she was required to make a snap decision, "namely, believe the unknown stranger who was trying to get into her car ... or leave the scene

immediately." (Dkt.Entry # 37, p. 3.) Hamidian decided to leave the scene. Id.

Occulto then telephoned the Dunmore Police station and requested that the Police Department check the license plate number of the vehicle to determine its owner. (Dkt.Entry # 27, p. 3.) Upon learning Hamidian was the owner of the vehicle, Occulto, accompanied by Patrolman Dee, also of the Dunmore Police Department, arrived at Hamidian's home and questioned her about insurance and registration.

Shortly thereafter, Hamidian received three (3) citations in the mail charging her with (1) failing to give information and render aid, 75 Pa.C.S.A. § 3744; (2) failing to file notice of an accident to the police, 75 Pa.C.S.A. § 3746; and (3) driving on a one-way road in the wrong direction, 75 Pa.C.S.A. § 3308. (Dkt.Entry # 27, p. 3.) Plaintiff appeared for a hearing on the charges before the District Magistrate and was found guilty of all three summary offenses. (Dkt.Entry # 27, p. 3.) Hamidian then appealed the District Magistrate's decision to the Court of Common Pleas. After a hearing, the Honorable S. John Cottone found Hamidian guilty of failing to give information and render aid, 75 Pa.C.S.A. § 3744, but dismissed the other two citations. An appeal was then filed in the Superior Court of Pennsylvania, which reversed the decision of Judge Cottone and dismissed the citation for failing to give information and render aid. Commonwealth v. Hamidian, 418 Pa.Super. 631, 606 A.2d 1229 (1991).

## II.  DISCUSSION

Occulto contends in his Motion for Summary Judgment that Hamidian's claims for false arrest and false imprisonment are time-barred and that her claim for malicious prosecution is untenable in that Hamidian failed to establish that the criminal charges filed against her were initiated without probable cause. (Dkt.Entry # 27, p. 13 and Dkt.En-

---

1.  Apparently, Hamidian was traveling the wrong way on a one-way street. It is undisputed, however, that the street was not properly posted as a one-way street.

2.  At this point there is a conflict in the evidence as to whether Hamidian struck Occulto when she "nudged" her car forward. Occulto claims he was struck by plaintiff's vehicle and Hamidian claims he was not. (Dkt.Entry # 27, p. 2 and Dkt.Entry # 37, p. 3.)

try # 39.) Additionally, Occulto argues that he is protected from a Section 1983 suit for damages by qualified immunity and that Hamidian's Due Process rights were not violated since she was not actually arrested at the intersection of Corner and Apple Streets, but rather was, at most, subjected to an investigatory detention. (Dkt.Entry # 27, pp. 4–13.) Because we conclude that Hamidian's claims for false arrest and false imprisonment are time-barred, and further conclude that Hamidian has failed to establish the necessary elements for a Section 1983 malicious prosecution claim, we will not address Occulto's remaining contentions. Judgment will not be entered in favor of Occulto, however, because Hamidian's state law claim for malicious prosecution survives summary judgment. In light of the age of this case and readiness for trial, we will exercise our discretion to retain jurisdiction over this state law claim.

## A. *False Arrest and False Imprisonment*

■ It is well-established that claims brought pursuant to Section 1983 are governed by the limitations period applicable to state personal injury claims, which in Pennsylvania is two years. *See Wilson v. Garcia*, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Bartholomew v. Fischl*, 782 F.2d 1148 (3d Cir.1986); *Barnes v. Borough of Pottstown*, Civil No. 93–1498, 1994 WL 114359 (E.D.Pa. March 30, 1994); *Barnes v. City of Coatesville*, Civil No. 93–1444, 1993 WL 259329 (E.D.Pa. June 28, 1993); 42 Pa.C.S.A. § 5524 (1982).[3] A Section 1983 claim for false arrest and false imprisonment accrues at that point in time when the injured party knows or has reason to know of the injury forming the basis of the action, and that point is most usually on the date of the arrest. *See Rose v. Bartle*, 871 F.2d 331, 348 (3d Cir.1989); *Cunnane v. The Honorable Judge Albert Subers, et al.*, Civil No. 92–4844, 1993 WL 21217 (E.D.Pa. January 26, 1993). The deprivations of which Hamidian

complains in the present case occurred on April 19, 1990, the date she alleges she was improperly arrested, and a few days later when the three citations were filed with the District Magistrate. (Dkt.Entry # 37, p. 4.) Accordingly, it is beyond refute that April 19, 1990, or at the latest, the day the citations were filed, is that point in time when Hamidian knew or had reason to know of the alleged injury which forms the basis of this action. Since Hamidian filed the present suit on April 15, 1993, almost three years after the date of her alleged deprivations, her claims for false arrest and false imprisonment must be dismissed as time-barred.[4]

## B. *Malicious Prosecution*

### 1. Section 1983 Claims

■ While a claim for malicious prosecution also bears a two-year statute of limitations period, the statute does not begin to run until the underlying criminal proceedings have ended in plaintiff's favor. *Rose v. Bartle*, 871 F.2d at 348–349; *Barnes v. City of Coatesville*, Civil No. 93–1444, 1993 WL 259329 (E.D.Pa. June 28, 1993). In the present case, the criminal proceedings against Hamidian ended on December 31, 1991, and she filed the present action on April 16, 1993. Consequently, Hamidian's malicious prosecution claim is timely filed. Therefore, the merits of that claim must be addressed.

■ In order to bring a successful Section 1983 claim for malicious prosecution, the plaintiff is required to establish: (1) the defendant initiated a criminal proceeding; (2) which ended in plaintiff's favor; (3) which was initiated without probable cause; *and* (4) the defendant acted maliciously or for a purpose other than bringing the defendant to justice. *Lee v. Mihalich*, 847 F.2d 66, 69–70 (3d Cir.1988). Failure to satisfy any one of these criteria requires dismissal of the claim. *Deary v. Three Un–Named Police Officers*, 746 F.2d 185, 194 n. 11 (3d Cir.1984); *Thom-*

---

**3.** 42 Pa.C.S.A. § 5524 (1982) provides, in relevant part:
   The following actions and proceedings must be commenced within two years:
   (1) An action for assault, battery, false imprisonment, false arrest, malicious prosecution or malicious abuse of process.

**4.** Although fully aware of Occulto's argument that her claims for false arrest and false imprisonment were time-barred, Hamidian presented no argument or discussion on this issue.

*as v. E.J. Korvette, Inc.,* 476 F.2d 471 (3d Cir.1973) (Rosenn, J., concurring).

■ The fatal deficiency in Hamidian's Section 1983 case lies in the element of probable cause. It is undisputed that Hamidian was summarily convicted of the charged violations by the District Magistrate. These charges were then heard *de novo*[5] by the Court of Common Pleas of Lackawanna County, which found her guilty of only failing to give information and render aid. Although this conviction was ultimately reversed on appeal, "a conviction, upon examination by a judicial officer, conclusively establishes the existence of probable cause, regardless of whether the conviction is subsequently reversed on appeal." *Bussard v. Neil,* 616 F.Supp. 854, 857 (M.D.Pa.1985); Restatement (Second) of Torts § 667 (1963).[6] *See also Martinez v. E.J. Korvette, Inc.,* 477 F.2d 1014, 1016 (3d Cir.1973); *Barnes v. Borough of Pottstown,* Civil No. 93–1498, 1994 WL 114359 (E.D.Pa. March 30, 1994); *Cameron v. Fogarty,* 806 F.2d 380, 386–389 (2d Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987); *Cramer v. Crutchfield,* 648 F.2d 943, 945 (4th Cir.1981) (interpreting Virginia law); *Ramos v. Gallo,* 596 F.Supp. 833 (D.C.Mass.1984); *Diminnie v. United States,* 522 F.Supp. 1192, 1195 (E.D.Mich.1981), *aff'd,* 728 F.2d 301 (6th Cir. 1984); *Gowin v. Altmiller,* 455 F.Supp. 743, 746 (D.C.Idaho 1978), *aff'd,* 663 F.2d 820 (9th Cir.1981).

■ Although afforded the opportunity to submit supplemental briefing on this issue, Hamidian has failed to cite a single case that has rejected a judicial officer's determination of guilt as conclusive on the question of probable cause in a Section 1983 action.[7] It must be noted, however, that our independent re-search has disclosed that a District Magistrate's decision may *not* be conclusive on the question of probable cause in a malicious prosecution claim under Pennsylvania law. *See Cap v. K–Mart Discount Stores, Inc.,* 357 Pa.Super. 9, 515 A.2d 52 (1986) (conviction by "justice of the peace" ultimately reversed on appeal is not sufficient proof of probable cause to defeat an action for malicious prosecution); *MacDonald v. Schroeder,* 214 Pa. 411, 63 A. 1024 (1906) (question of whether conviction by a magistrate, later reversed, is conclusive evidence of probable cause or only prima facie evidence of probable cause); *Martinez v. E.J. Korvette, Inc.,* 477 F.2d at 1017 (Gibbons, J., dissenting) (plaintiff's conviction before Justice of the Peace, though reversed by Court of Common Pleas, is under Pennsylvania law only prima facie proof that the charging party had probable cause).

While Hamidian does not adequately address this issue, it is clear that the overwhelming authority, including decisions in our circuit, follows the general rule that the neutral and experienced determination by a judicial officer of a person's guilt conclusively establishes the existence of probable cause, thereby defeating a Section 1983 claim for malicious prosecution. To disregard this unbroken line of federal authority on the basis of a peculiar rule under state law would threaten a body of consistent federal law. Such disregard would result in a non-uniform application of malicious prosecution claims in federal civil rights cases and precipitate inconsistent determinations as to whether an individual's constitutional rights have been violated. This is especially true in the present case since the relevant Pennsylvania state court decisions do not address a determination of guilt by a Court of Common

---

5. *See* Pa.Rules of Conduct for District Justices 1007(A) (1982).

6. The Restatement (Second) of Torts (1963) provides:

   The conviction of the accused by a magistrate or trial Court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury, or other corrupt means.

   In the present case, Hamidian does not allege the convictions by the District Magistrate or the Court of Common Pleas were obtained by fraud, perjury or any other corrupt means.

7. Hamidian cites only three cases on this issue, none of which even remotely addresses the conclusiveness of a judicial officer's finding of guilt on the probable cause element of a Section 1983 malicious prosecution claim. Instead, the cases cited by Hamidian deal with a police officer's potential immunity from Section 1983 suits and the collateral-estoppel effect of a state court conviction on a litigant's ability to bring a Section 1983 action for false arrest.

Pleas not assailed on the grounds that it was procured by fraud, perjury, or any corrupt means.

Because Hamidian chose to bring her suit in *federal court* under 42 U.S.C. § 1983 and because we are sensitive to the concerns of comity presented when a federal court is asked to address the effect to be given to a District Magistrate's finding of guilt, as well as the findings of the Courts of the Commonwealth of Pennsylvania, we decline to apply the Pennsylvania common law rule in a Section 1983 malicious prosecution claim. Accordingly, Hamidian's Section 1983 claim for malicious prosecution is dismissed since she has failed to establish that the criminal charges filed against her were initiated without probable cause.

### 2. State Law Claim

 Upon review of Hamidian's sparse, non-count complaint, it is unclear whether she intended to assert a state law claim for malicious prosecution. Construing the complaint liberally and providing Hamidian with the benefit of the doubt, however, fairly permits a finding that Hamidian did assert a state law claim for malicious prosecution. This being so, the Court will exercise its discretion to retain supplemental jurisdiction over this state law claim pursuant to 28 U.S.C. § 1367 (1990). *See generally Growth Horizons, Inc. v. Delaware County,* 983 F.2d 1277, 1284–85 (3d Cir.1993). Retention of jurisdiction over this state law claim is based upon "generally accepted principles of 'judicial economy, convenience and fairness to the litigants.'" *Id.* at 1284. In view of the late stage of this case, which is ready for trial, interests of "judicial economy, convenience and fairness to the litigants" warrant retention of jurisdiction.

Because of the Pennsylvania authority that a determination of guilt by a judicial officer is not conclusive evidence of probable cause, summary judgment on the state law claim is improper. As the parties have consented to a trial by a Magistrate Judge in the event Occulto's Motion for Summary Judgment is denied, the case will proceed to trial before the Magistrate Judge on Hamidian's state law claim for malicious prosecution.

### III. *CONCLUSION*

For the reasons discussed above, Defendant Occulto's Motion for Summary Judgment is **GRANTED** in part and **DENIED** in part. (Dkt.Entry # 25.) An appropriate Order will be issued.

### *ORDER*

In accordance with the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendant Occulto's Motion for Summary Judgment is **GRANTED** with respect to Hamidian's state law and § 1983 claims for false arrest, false imprisonment and § 1983 malicious prosecution claim; summary judgment is **DENIED** with respect to Hamidian's state law claim for malicious prosecution. (Dkt.Entry # 25.)

2. The case will proceed to trial before Magistrate Judge Thomas Blewitt on Hamidian's state law claim for malicious prosecution.

3. This Memorandum and Order disposes of Dkt.Entry # 25.

4. The Clerk of the Court is directed to reflect this disposition on the docket sheet.