## Jackson v. East Hempfield Township Police Department

C.P. of Lancaster County, no. 1620-1996.

*Margaret Jackson,* pro se plaintiff.
*Mark T. Riley,* for defendants.

STENGEL, *J.,* March 31, 1997—Plaintiff instituted this action by filing a writ of summons on April 8, 1996.[1]

---

1. We note that throughout the preliminary objections and the brief filed in support thereof, defendants repeatedly state that the within action was commenced by the filing of a complaint on July

Defendants are the East Hempfield Township Police Department, its chief of police, Douglas Bagnoli, and one of its officers, Dennis Eberly. Ms. Jackson contends in her complaint that defendants violated her constitutional rights of due process and equal protection by failing to properly and adequately respond to domestic violence calls involving Ms. Jackson and her husband. Specifically, plaintiff has brought this action pursuant to the provisions of 42 U.S.C. §1983.[2]

State courts have concurrent jurisdiction over section 1983 actions. *Maine v. Thiboutot,* 448 U.S. 1, 2 n.1, 100 S.Ct. 2502, 2503 n.1, 65 L.Ed.2d 555 (1980). The Pennsylvania courts routinely entertain section 1983 suits. See *e.g., Fawber v. Cohen,* 516 Pa. 352, 532 A.2d 429 (1987); *Balshy v. Rank,* 507 Pa. 384, 490 A.2d 415 (1985).

---

2, 1996. A thorough review of the official file maintained by the Lancaster County Office of Prothonotary reveals that it was, in fact, a writ of summons that commenced this lawsuit and tolled the statute of limitations on April 8, 1996. The sheriff service, process receipt and affidavit of return filed with the prothonotary's office for each of the named defendants indicates that the writ was served on each defendant on April 12, 1996. A rule to file complaint was not issued to plaintiff until June 5, 1996. The complaint was thereafter filed on July 2, 1996, and served on defendants by the sheriff's department on July 3, 1996. We trust this is not an attempt to distort the procedural history of this case to defendants' advantage but rather simply a lack of attention to detail.

2. 42 U.S.C. §1983 provides in pertinent part:

"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

Defendants seek to have the claims dismissed on the basis that: (1) plaintiff's claims are time-barred by the statute of limitations; (2) plaintiff's punitive damage claims are barred by section 1983 and the Political Subdivision Tort Claims Act;[3] and (3) the claims against the officers are barred because they merge with the claims against the local entity.

## I. STATUTE OF LIMITATIONS

Initially, defendants raise by way of preliminary objection that plaintiff's claims are time-barred by the statute of limitations. However, Pa.R.C.P. 1030 requires that affirmative defenses, including statute of limitations, be raised in new matter.[4] The language of Rule 1030 is clear and unambiguous; it mandates that a party allege the statute of limitations by way of new matter. See *Holmes v. Lankenau Hospital,* 426 Pa. Super. 452, 627 A.2d 763 (1993) (affirmative defenses not raised in new matter in accordance with rules are waived); *Iorfida v. Mary Robert Realty Co. Inc.,* 372 Pa. Super. 170, 539 A.2d 383 (1988) (same).

Here, although the issue has been raised by preliminary objection, the pro se plaintiff in this matter has waived that defect by not challenging the procedure used by filing preliminary objections to defendants' preliminary objections. See *Taras v. Wausau Insurance Companies,* 412 Pa. Super. 37, 41 n.1, 602 A.2d 882, 883 n.1 (1992) (where appellants failed to challenge the propriety of appellees' raising of immunity in its

---

3. 42 Pa.C.S. §8541 et seq.

4. Pa.R.C.P. 1030 states:

"(a) Except as provided in subdivision (b), *all affirmative defenses including* but not limited to the . . . statute of limitations . . . *shall be pleaded in a responsive pleading under the heading 'new matter.'* . . . " Pa.R.C.P. 1030(a). (emphasis added)

preliminary objections, either before the trial court or the appellate court, the courts can properly rule on the preliminary objections).

When the affirmative defense is clear on the face of the pleadings, it *may* be addressed by the court at the preliminary objection stage. *Malia v. Monchak,* 116 Pa. Commw. 484, 489, 543 A.2d 184, 187 (1988).

Section 1983 does not have its own statute of limitations. Rather, the limitations period for a section 1983 civil rights action is governed by the statute of limitations for personal injury actions in the state in which the claim accrues. See *Wilson v. Garcia,* 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *Hamidian v. Occulto,* 854 F. Supp. 350, 353 (M.D. Pa. 1994); *Faison v. Sex Crimes Unit of Philadelphia,* 845 F. Supp. 1079, 1084 (E.D. Pa. 1994). In Pennsylvania, personal injury actions are subject to a two-year period of statute of limitations. See 42 Pa.C.S. §5524. See also, *Bougher v. University of Pittsburgh,* 882 F.2d 74, 78 (Pa. 1989); *Rogers v. Mount Union Borough by Zook,* 816 F. Supp. 308, 317 (M.D. Pa. 1993).

Plaintiff alleges incidents of discrimination from August 1993 to July 1994. Those events which took place more than two years prior to April 8, 1996, when the writ was filed, would ordinarily be barred; however, they may form the basis of plaintiff's complaint if they are part of a continuing violation sufficient to toll the statute. *Young v. City of Allentown,* 882 F. Supp. 1490 (E.D. Pa. 1995), *aff'd,* 66 F.3d 314; *Clark v. Sears Roebuck & Co.,* 816 F. Supp. 1064 (E.D. Pa. 1993).

"A continuing violation of section 1983 can be established by pleading and proving related serial violations or a pattern of discrimination against an individual that enters the limitations period. . . . The inquiry for application of the doctrine is whether the

alleged discriminatory acts are closely enough related to constitute a continuing violation. . . . Here, plaintiff alleges acts of harassment and discrimination which were motivated by endemic racial and sexual animus and retaliation for particular forms of speech. As explained above, these acts are related by common motive, theme, target, and function in the workplace. Plaintiff's allegations, if proven, would therefore establish a continuous violation sufficient to toll the statute.

"An ongoing campaign of related harassment, like an ongoing policy of discrimination, constitutes a civil rights violation that continues rather than concludes with any individual act." *Anthony v. County of Sacramento, Sheriff's Department,* 845 F. Supp. 1396, 1402 (E.D. Cal. 1994), citing *Green v. Los Angeles County Superintendent of Schools,* 883 F.2d 1472, 1478 (1989). (footnotes omitted)

To assert a "continuing violation" exception outside of the employment context, a plaintiff must, at a minimum, allege that at least one discriminatory incident took place within the filing period, and that the incident was more than an isolated occurrence. *Young, supra* at 1496 n.7. Defendants argue in their brief that "[a]ll of the *conduct* by plaintiff's husband and by defendants which allegedly forms the basis for plaintiff's cause of action occurred more than two years prior to the filing of her action." See defendants' memorandum of law in support of preliminary objections at page 3. (emphasis in original) This is a misstatement of the facts. The last alleged acts of discrimination occurred in July 1994, within two years of the commencement of this action, that is, April 8, 1996. See plaintiff's complaint at paragraphs 30 and 65 through 107. Ms. Jackson set forth sufficient allegations in her complaint that the East Hempfield Township Police Department,

and its officers engaged in the same type of discriminatory action against plaintiff over several months beginning in August 1993 and continuing through July 1994, and the complaint does not suggest that these incidents were isolated occurrences.

Because the discrimination that forms the basis for plaintiff's claims is an ongoing phenomenon rather than a discrete act, and is alleged to have entered into the limitations period, we find that the complaint pleads a continuing violation sufficient to toll the statute. Any conduct alleged to have occurred from August 1993 through April 8, 1994 is, therefore, not time-barred.

## II. INDIVIDUAL CAPACITY CLAIMS

Next, defendants contend that the claims against the officers are barred because where the local government entity has been named as a party, the official capacity claims merge with the claims against the local agency. Since the officers were allegedly acting within their official capacities at all times, defendants contend that plaintiff's claims against them must be dismissed. However, in their preliminary objections, defendants state that "plaintiff has brought claims against defendants, Chief Bagnoli and Sergeant Eberly, in their *individual* capacity." See defendants' preliminary objections at paragraph 7. (emphasis added)

Under section 1983, a plaintiff may bring claims against a government official in both his individual and official capacity. *Scheideman v. Shawnee County Board of County Commissioners,* 895 F. Supp. 279, 283 (Kan. 1995); *Callahan v. Lancaster-Lebanon Intermediate Unit 13,* 880 F. Supp. 319, 325-26 (E.D. Pa. 1994). Personal capacity or individual capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law.

*Kentucky v. Graham,* 473 U.S. 159, 165, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114, 121 (1985). Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Id.* at 166, 105 S.Ct. at 3105, 87 L.Ed.2d at 122, quoting *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 690 n.55, 56 L.Ed.2d 611, 98 S.Ct. 2018 (1978). See also, *Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).

In this case, the complaint does not clearly specify whether these two officials are being sued individually, in their official capacity, or both. The Supreme Court has found that in such cases, "the course of proceedings" typically will indicate the nature of the liability sought to be imposed. *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).

In *Brandon v. Holt,* the petitioners brought an action under section 1983 in which they alleged and proved that they had been assaulted and injured by a police officer who had a history of violent behavior that was well known within the city's police department. The trial court awarded compensatory damages against the then director of the police department "in his official capacity," based on a finding that the director should have known of the officer's dangerous propensities. The appellate court reversed, holding that the director had acted in good faith and was accordingly entitled to qualified immunity. Further, the court rejected the petitioner's contention that the action against the director was tantamount to an action against the city and that the city was consequently liable for the damages awarded against the director.

On certiorari, the United States Supreme Court reversed and remanded. The Supreme Court held (1) that

a judgment against a public servant in his official capacity imposes liability on the entity he represents, provided the public entity received notice and an opportunity to respond, (2) that the city was liable for the damages judgment against the director of police, even though the city was not named as a defendant in the complaint, then existing precedent rendering it immune from section 1983 liability, but the "course of the proceedings" after the precedent was overruled made it clear that the action was against the director in his official capacity and that a right to recover damages against the city was claimed, and (3) that the petitioners were entitled to amend their pleadings to conform to the proof and to the trial court's findings of fact.

The "course of proceedings" included the fact that in petitioner's response to a defense motion for summary judgment, petitioner's counsel stated that the named defendant was being sued in his official capacity as director of police services. This point was reiterated in counsel's opening statement, in the trial court's evidentiary rulings, in the findings on liability, and in the proceedings relating to damages in which it was recognized that the Supreme Court decision in *City of Newport v. Fact Concerts Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), precluded an award of punitive damages against the official. Moreover, while the appeal was pending, the director of police named in the original complaint left office and was replaced by another individual who was automatically substituted as a party to the action. Given the state of the record, the Supreme Court determined that this was an official capacity suit, as opposed to an individual capacity suit, and allowed the petitioners to amend their pleadings to conform to the proof and to the trial court's findings of fact.

In this case, given the fact that defendants state in their preliminary objections that this is an individual capacity suit as well as an official capacity suit, we decline to dismiss the individual officers at this stage of the proceedings. See defendants' preliminary objections at paragraphs 7-9.

## III. PUNITIVE DAMAGES

Lastly, defendants contend that plaintiff's claim for punitive damages is barred by both the Political Subdivision Tort Claims Act and the Civil Rights Act, 42 U.S.C. §1981 et seq. Initially, we note that the Pennsylvania governmental immunity statute, although effective against a state tort claim, has no force when applied to suits under the Civil Rights Act:

"The supremacy clause of the constitution prevents a state from immunizing entities or individuals alleged to have violated federal law. This result follows whether the suit to redress federal rights is brought in state or federal court. . . . Were the rule otherwise, a state legislature would be able to frustrate the objectives of a federal statute. Had plaintiff joined a count under [section] 1983 in the first suit, it is clear that the state court could not have used the immunity statute to enter judgment for the city on the federal claims. See *Morris v. Musser,* 84 Pa. Commw. 170, 478 A.2d 937 (1984)." *Wade v. City of Pittsburgh,* 765 F.2d 405, 407-408 (3d Cir. 1985). (citations omitted) See also, *Buskirk v. Seiple,* 560 F. Supp. 247, 250-51 (E.D. Pa. 1983) and cases cited therein. Therefore, this court will not consider the effect of the Political Subdivision Tort Claims Act on plaintiff's claim for punitive damages.

The Civil Rights Act clearly states that no complaining party may recover punitive damages from a *governmental entity.* 42 U.S.C. §1981A(a)(1). See *City of New-*

*port v. Fact Concerts Inc., supra; Bolden v. SEPTA,* 953 F.2d 897, 829-30 (3d Cir. 1991); *Garrett v. Clarke County Board of Education,* 857 F. Supp. 949, 953 (S.D. Ala. 1994). Since East Hempfield Police Department is a subdivision of East Hempfield Township, Ms. Jackson cannot recover punitive damages against the police department. Therefore, plaintiff's claim for punitive damages against East Hempfield Township Police Department will be stricken.

Individual defendants sued in their official capacities are also immune to punitive damages under these statutes. However, officials sued in their individual capacity in a section 1983 suit may be liable for punitive damages to the plaintiff if the officials' conduct "is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Scheideman, supra* at 283, quoting *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983). Therefore, we will reserve our ruling on the punitive damages claim against the individual officers until it is determined whether they are being sued in their individual capacity or official capacity, or both.

Accordingly, we enter the following:

## ORDER

And now, March 31, 1997, upon consideration of the preliminary objections of defendants and the memorandum of law filed in support thereof, it is hereby ordered as follows:

(1) Defendants' preliminary objection to plaintiff's complaint as time-barred by the two-year statute of limitations is denied;

(2) Defendants' preliminary objection to plaintiff's claim for punitive damages is sustained as to defendant East Hempfield Township Police Department solely; and

(3) Defendants' preliminary objection to the claims against the individual officers is denied.