**Bernard R. WAGNER, Appellant,**

v.

**Mark WAITLEVERTCH and John Rictor, Appellees.**

Superior Court of Pennsylvania.

Submitted Dec. 5, 2000.

Filed March 30, 2001.

Sylvia Denys, Pittsburgh, for appellant.

John M. Dawson, Meadville, for Waitlev-ertch, appellee.

Carmen A. Martucci, Pittsburgh, for Rictor, appellee.

Before DEL SOLE, LALLY–GREEN and BROSKY, JJ.

DEL SOLE, J.:

¶ 1 Appellant, Bernard Wagner, appeals from the court's dismissal of his Second Amended Complaint after granting Appellees' preliminary objections. We affirm.

¶ 2 This case results from the removal of cattle by Appellant from another's farm and the subsequent removal of those cattle from Appellant by law enforcement officials. Appellant alleges that he owned 16 head of cattle that were boarded at the Anthony farm, pursuant to an oral contract. In June of 1996, Appellant retrieved 14 head of cattle from the Anthony farm. The Anthonys subsequently reported the removal of the cattle to the police. A warrant was issued and Appellee Rictor, Chief of the Vernon Township Police Department, seized 10 head of cattle from where Appellant kept them and returned them to the Anthony farm.

¶ 3 Chief Rictor issued an affidavit of probable cause and Appellant was charged with five counts of unlawful taking or disposition. A criminal complaint was executed based upon the affidavit of probable cause and Appellant was subsequently arrested. The criminal prosecution came to trial in June of 1997. The charges of theft by unlawful taking and disposition were dismissed.[1] Appellant entered a plea of guilty to defiant trespass for the incidents.

¶ 4 Appellant subsequently filed a civil complaint and later an amended complaint against Mark Waitlevertch, District Attorney of Crawford County and John Rictor, Chief of the Vernon Township Police Department. Waitlevertch and Rictor filed preliminary objections to this amended complaint which were sustained in part

and overruled in part. Appellant subsequently filed his second amended complaint against Waitlevertch and Rictor, suing them in their individual capacities under 42 U.S.C.A. § 1983. Appellees again filed preliminary objections in the nature of demurrers to this second amended complaint. The trial court sustained the preliminary objections and dismissed Appellant's second amended complaint. This appeal followed.

¶ 5 On appeal, Appellant presents the following issues for our review:

1. In reviewing the complaint, did the trial court require a greater degree of specificity and more detail in pleading than the standard mandated by Pa. R.C.P. No. 1019?

2. Did the trial court err in dismissing the case before discovery could be conducted to determine the respective roles of the Defendants and whether or not either or both were entitled to qualified immunity?

Appellant's Brief at 3.

¶ 6 In an appeal from an order sustaining preliminary objections in the nature of a demurrer, this Court must accept all material facts set forth in the complaint as well as all inferences reasonably deducible therefrom as admitted and true and decide whether, based on the facts averred, recovery is impossible as a matter of law. *Wiernik v. PHH U.S. Mortg. Corp.*, 736 A.2d 616 (Pa.Super.1999), *appeal denied*, 561 Pa. 700, 751 A.2d 193 (2000). In making our decision, we need not consider the pleader's conclusions of law, unwarranted inferences from facts, opinions, or argumentative allegations. *Id.* If, however, any doubt exists

---

1. The dismissal of these charges was based on the District Attorney discovering that the Anthony farm had failed to store the ten head of

cattle and in fact had sold them prior to the scheduled trial.

as to whether a demurrer should be sustained, we must reverse the decision of the court below. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402, 408 (1985). Our scope of review in this matter is plenary. *Donahue v. Federal Express Corp.*, 753 A.2d 238 (Pa.Super.2000).

■ ¶ 7 Appellant filed suit against Appellees under 42 U.S.C.A. § 1983. Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C.A. § 1983. The statute " 'is not itself a source of substantive rights,' but merely provides 'a method of vindicating federal rights elsewhere conferred.' " *Albright v. Oliver*, 510 U.S. 266, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)).

¶ 8 Appellant first contends that the trial court erred in granting Appellees' preliminary objections by holding that the second amended complaint failed to allege facts sufficient to support a claim under 42 U.S.C. § 1983.

■ ¶ 9 To properly state a Section 1983 claim, a plaintiff must allege a deprivation of a right guaranteed by the Constitution or the laws of the United States by a defendant acting under color of law. *Tunstall v. Office of Judicial Support of Court of Common Pleas*, 820 F.2d 631, 633 (3d Cir.1987)(citing *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155, 98 S.Ct. 1729, 56

L.Ed.2d 185 (1978)). There are two essential elements necessary to state a claim under 42 U.S.C.A. § 1983: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the Plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Johnson v. Desmond*, 441 Pa.Super. 632, 658 A.2d 375 (1995), *appeal denied*, 543 Pa. 713, 672 A.2d 308 (1995). There is no requirement that the facts supporting a Section 1983 claim be pleaded with a heightened degree of particularity. *Frazier v. SEPTA*, 868 F.Supp. 757 (E.D.Pa.1994), *aff'd*, 91 F.3d 123 (3d Cir. 1996).

■ ¶ 10 In his second amended complaint, Appellant sued the two Appellees in their individual capacities. Individual capacity suits seek to impose personal liability upon a government official; damages are recoverable from the official's personal assets. *See Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985).

■ ¶ 11 The first step in evaluating a Section 1983 claim is to "identify the exact contours of the underlying right said to have been violated" and to determine "whether the plaintiff has alleged a deprivation of a constitutional right at all." *County of Sacramento v. Lewis*, 523 U.S. 833, 842, n. 5, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). In a single paragraph of his second amended complaint, included in Count I, Appellant asserts:

Lacking criminal intent, plaintiff had the clearly established right to be free from charges of theft under Pennsylvania law and the unreasonable seizure of his property and person protected by the Fourth and Fourteenth Amendments to the Constitution of the United States,

. . .

Second Amended Complaint, ¶ 21. This is the only constitutional right Appellant asserts as having been violated.[2] Accordingly, the only claims cognizable under this Section 1983 cause of action are those violations of rights under the Fourth and Fourteenth Amendments.[3]

¶ 12 No one disputes that the Appellees are state actors. Accordingly, we must next determine whether there was a deprivation of constitutional rights. *See County of Sacramento*, 523 U.S. at 841, 118 S.Ct. 1708.

¶ 13 The first count of the second amended complaint is against Waitlever. In that count, which incorporates the introductory paragraphs of the complaint, Appellant contends that Waitleverert: (1) gave Rictor erroneous advice regarding the issuance and execution of the search warrant; (2) was deliberately indifferent and acted unreasonably in failing to provide advice to Rictor that the argument between Appellant and Anthony was civil in nature, and that Appellees would be abusing their position by seizing Appellant's cattle and arresting Appellant on unfounded criminal charges; (3) was deliberately indifferent and unreasonable in not directing the conclusion of the investigation and preventing the seizure of plaintiff's property and person; and (4) relied upon the false statements of Anthony to support the affidavit in support of the search warrant. Second Amended Complaint, ¶¶ 19–25.

¶ 14 Count II of the complaint is against Rictor. In that count, Appellant alleges that Rictor conducted an inadequate investigation of the matter, was inattentive to the circumstances and was deliberately indifferent to the clear indications that the subject conduct "... gave rise to a civil dispute only between [plaintiff] and Raymond Anthony." Second Amended Complaint, ¶¶ 27, 28 and 30. Appellant further contends that Rictor erroneously relied on Anthony's explanation as to methods and means for identifying cattle and made no independent investigation on that subject. Second Amended Complaint, ¶¶ 29 and 31. Appellant contends that this conduct resulted in a violation of his constitutional rights.

¶ 15 Viewing the pleadings in the light most favorable to Appellant, it appears that there are three possible claims Appellant is making under the Fourth Amendment: (1) malicious prosecution[4]; (2) false arrest and (3) improper seizure of property.

### Malicious Prosecution

¶ 16 In addition to the elements necessary to establish a claim under Section 1983, a plaintiff alleging malicious

---

2. In a Section 1983 lawsuit, the plaintiff must assert a specific federal constitutional or statutory right in order to maintain a claim under the civil rights laws. *Brown v. Borough of Mahaffey*, 35 F.3d 846, 850 (3d Cir.1994).

3. Challenges to the reasonableness of a search and seizure by government agents clearly fall under the Fourth Amendment and not the Fourteenth Amendment. A claim of malicious prosecution is also cognizable under the Fourth Amendment. Accordingly, Appellant's claims arise within the purview of the Fourth Amendment.

4. Although malicious prosecution is actionable under Section 1983, the law governing the basis for such a claim is evolving. In *Albright v. Oliver*, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994), the Supreme Court held that neither substantive due process nor the Fourteenth Amendment provided the "constitutional peg" on which to hang a malicious prosecution claim. The plurality stated: "we hold that it is the Fourth Amendment and not substantive due process under which [such a claim] must be judged." Nonetheless, such a claim is cognizable under the Fourth Amendment.

prosecution must also show that: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; and (4) the defendants acted with actual malicious purpose or for a purpose other than bringing the defendant to justice. *Hilfirty v. Shipman,* 91 F.3d 573, 579 (3d Cir.1996). "Actual malice in the context of malicious prosecution is defined as either ill will in the sense of spite, lack of belief by the actor himself in the propriety of the prosecution, or its use for an extraneous improper purpose." *Lee v. Mihalich,* 847 F.2d 66, 70 (3d Cir.1988).

¶ 17 The allegations of the pleading do not assert the requisite elements of malicious prosecution. Most notably, Appellant makes no allegations that either Appellee acted with malicious purpose or with ill will. Accordingly, Appellant has not asserted a constitutional violation by way of malicious prosecution.

**Unlawful Arrest**

■■■ ¶ 18 Viewing the provisions of the complaint in a light most favorable to Appellant, it appears that he is claiming that he was arrested without probable cause.

■■■ ¶ 19 The central issue in determining liability in a Section 1983 action based on a claim of false arrest is "whether the arresting officers had probable cause to believe the person arrested had committed the offense." *Dowling v. Philadelphia,* 855 F.2d 136, 141 (3d Cir.1988). Probable cause for arrest exists when the facts and circumstances are sufficient to warrant a reasonable person to believe that an offense had been or is being committed by the person to be arrested. *United States v. Cruz,* 910 F.2d 1072, 1076 (3d Cir.1990), *cert. denied,* 498 U.S. 1039, 111 S.Ct. 709, 112 L.Ed.2d 698 (1991). A court must look at the totality of the circumstances and use a common sense approach to the issue of probable cause. *Sharrar v. Felsing,* 128 F.3d 810, 817–818 (3d Cir.1997). Probable cause does not depend on the ultimate determination of guilt or innocence. *Orsatti v. New Jersey State Police,* 71 F.3d 480, 483 (3d Cir. 1995). Probable cause may even be based upon erroneous information if at the time of the arrest, a reasonable officer would not have known of the error. *Illinois v. Rodriguez,* 497 U.S. 177, 184, 110 S.Ct. 2793, 111 L.Ed.2d 148 (1990).

■■■ ¶ 20 Appellant has failed to plead facts sufficient to establish that there was no probable cause supporting the warrant and his subsequent arrest. Appellant alleges that the Anthonys, without probable cause, reported the removal of the cattle to the police. Second Amended Complaint, ¶ 8. Appellant does not allege that Appellees acted without probable cause in obtaining the arrest warrant. To establish that an arrest warrant was invalid, Appellant must show: (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Lippay v. Christos,* 996 F.2d 1490, 1501 (3d Cir.1993).

¶ 21 Appellant does not allege that Appellees made false statements. Rather, he alleges that Appellees relied on the false statements of Anthony. Appellant does not plead that Appellees knew these allegations to be false, or that Appellees knowingly, intentionally, or with reckless disregard for the truth included the statements. Accordingly, Appellant has failed to plead facts sufficient to establish a false arrest, and a violation of his Fourth Amendment rights.

### Unlawful Seizure of Property

¶ 22 The third possibility, in liberally viewing Appellant's complaint, would be an unlawful seizure of property claim in violation of the Fourth Amendment. A seizure of property occurs when there is some meaningful interference with an individual's possessory interest in that property. *See Soldal v. Cook County,* 506 U.S. 56, 61–65, 113 S.Ct. 538, 543, 121 L.Ed.2d 450 (1992). A seizure of property sufficient to implicate Fourth Amendment rights occurs where the seizure is unreasonable. *Id.* In determining whether a government seizure violates the Fourth Amendment, the seizure must be scrutinized for its overall reasonableness. *Id.*

¶ 23 Appellant alleges, and it is undisputed, that cattle were seized from Appellant's possession. Appellant, however, does not definitively assert that the cattle seized were his. Appellant acknowledges that there may have, in fact, been a good faith mistake made in taking the cattle from the Anthonys' farm. Appellant alleges:

> ... Based on markings and business records, plaintiff was reasonably certain he had secured possession of the same cattle he had stored with the Anthonys. If there was any error in the selection, it was not intentional and it was not done for the purpose of depriving the Anthonys of any of their property permanently and without compensation. Any honest mistake by the parties would have been settled amicably, as in the past.

Second Amended Complaint, ¶ 7. Based on these allegations, it is not clear that the property seized was Appellant's.

¶ 24 Furthermore, the seizure must have been unreasonable in order to implicate Fourth Amendment rights. Appellant alleges that:

> ... without probable cause and any assertion as to the reliability of Raymond Anthony, defendants seized or caused to be seized, by a spurious search warrant, ten head of plaintiff's cattle from the Owens Farm and returned them to the Anthony farm. Defendants who conferred with one another, or should have, acted arbitrarily and unreasonably and violated plaintiff's clearly established right to be free from the unreasonable seizure of his cattle protected by the Fourth and Fourteenth Amenments [sic] to the United States Constitution.

Second Amended Complaint, ¶ 12.

¶ 25 While Appellant makes a conclusory statement that the actions of Appellees were unreasonable, Appellant does not plead facts supporting this conclusion. In reviewing the grant of preliminary objections, we need not consider the pleader's conclusions of law. *See Pa. State Lodge, FOP v. Commonwealth,* 692 A.2d 609, 613 (Pa.Cmwlth.1997), *affirmed,* 550 Pa. 549, 707 A.2d 1129 (1998). Upon review, it does not appear that the facts support the conclusion that the Appellees' actions were unreasonable. Accordingly, Appellant has failed to establish an unlawful seizure in violation of his constitutional rights.

¶ 26 Appellant has failed to plead facts sufficient to establish a violation of his Fourth Amendment constitutional rights. As a result, Appellant has failed to establish the elements necessary for a cause of action under 42 U.S.C.A. § 1983.[5] Accordingly, the trial court properly sustained the Appellees' preliminary objections in the nature of a demurrer and properly

---

5. Because we have determined that Appellant has not alleged facts sufficient to establish a constitutional deprivation and we affirm the trial court decision on that basis, we will not address the alternative grounds for dismissal addressed by the trial court.

dismissed Appellant's second amended complaint.[6]

¶ 27 Judgment affirmed.

6. Because we have concluded that Appellant failed to establish a violation of his constitutional rights, we need not address Appellant's second issue regarding Appellees' defenses of qualified immunity.