IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Lehigh County Constables :
 : No. 774 C.D. 2017
Appeal of: Dennis C. Huber : Submitted: September 22, 2017
and Frederick Bainhauer, III :


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
   HONORABLE MICHAEL H. WOJCIK, Judge
   HONORABLE J. WESLEY OLER, Jr., Senior Judge


OPINION
BY JUDGE WOJCIK     FILED: October 6, 2017


   Dennis C. Huber and Frederick Bainhauer III (collectively, Constables) appeal the orders of the Lehigh County Court of Common Pleas (trial court) denying their three petitions for the appointment of deputy constables, and approving two other petitions for the appointment of deputy constables, pursuant to Section 7122 of Title 44 of the Pennsylvania Consolidated Statutes (Act 49).[1] We vacate and remand in part, and affirm in part.

---

[1] 44 Pa. C.S. §7122. Section 7122 states, in relevant part:

 **(a) General rule.**—Sole power to appoint deputy constables in a ward . . . or township is vested in the constable of the ward . . . or township subject to approval of the court of common pleas under subsection (b).

 **(b) Court approval and qualifications.—**

 (1) Except as set forth in paragraph (2), no deputy shall be appointed, . . . without approbation of the court of common pleas of the county, except for special appointments in a civil suit or proceeding, at the request and risk of the plaintiff or his agent.

In light of the duty imposed by Section 7122, on October 4, 2016, the trial court issued Amended Administrative Order No. AD-6-2016 (2016 Administrative Order), establishing the procedure for the approval of appointments of deputy constables to work at the polls on primary and general election days.[2] *See* Trial Court 8/28/17 Opinion at Exhibit A. The 2016 Administrative Order directed that such requests be by petition to the trial court in substantially the same form as provided in the order. *Id.* The 2016 Administrative Order specifically required that the petition include: the name and signature of the constable seeking to make the appointment; the name and address of the proposed deputy constable; a signed certification from the Chief Clerk to the Lehigh County Election Board (Chief Clerk) that the proposed deputy constable is a qualified elector in the ward for which the appointment is sought; the recommendation and signature of the magisterial district judge (MDJ) having jurisdiction over the relevant ward, borough, or township that

---

> (2) In the event of a deputy's death or inability or refusal to act, the constable of a township may, with approbation of the court of common pleas of the county where the deputy served, appoint another deputy who shall have full authority to act until the next regular session of court.

[2] Section 7152 of Act 49 states, in pertinent part:

> The constable of a . . . township or ward, or his deputy, shall do all of the following:

> (1) Be present at the polling place in each election district of the . . . township or ward at each election during the continuance of each election and while the votes are being counted, for the purpose of preserving the peace.

> (2) Serve at all elections.

44 Pa. C.S. §7152.

2

the petition be approved, denied, or expressing no opinion on its disposition; and the recommendation and signature of the Lehigh County District Attorney (District Attorney) that the petition be approved, denied, or expressing no opinion on its disposition. *Id.*

On April 17, 2017, Constable Huber submitted petitions to the trial court in the form provided in the 2016 Administrative Order that he had signed seeking the appointment of Judith Kern and Marianna Andrea Colon-Ortiz as deputy constables for the 19th Ward in the City of Allentown (City) for the 2017 Municipal Primary and General Elections (Elections). Reproduced Record (R.R.) at 30a, 32a. Although the Chief Clerk, or his designee, signed the petitions certifying that Kern and Colon-Ortiz are qualified electors in that Ward, neither the relevant MDJ nor the District Attorney indicated a recommendation or signed the petitions. *Id.* On May 11, 2017, the trial court denied the petition. *Id.*

On April 25, 2017, Constable Bainhauer submitted a petition to the trial court in the form provided in the 2016 Administrative Order that he had signed seeking the appointment of Joseph Cocco as a deputy constable for the City's 11th Ward for the Elections. R.R. at 34a. Although the Chief Clerk signed the petition certifying that Cocco is a qualified elector in that Ward, neither the relevant MDJ nor the District Attorney indicated a recommendation or signed the petition. *Id.* On May 11, 2017, the trial court denied the petition. *Id.*

On April 18, 2017, a petition in the form provided in the 2016 Administrative Order was submitted seeking the appointment of Scott Koenig as a deputy constable for Lynn Township (Township) for the 2017 Municipal Primary and General Elections. R.R. at 35a. Although the Chief Clerk signed the petition certifying that Koenig is a qualified elector in the Township, and both the relevant

3

MDJ and the District Attorney signed and recommended approval of the petition, no name or signature of a constable appeared on the petition because there is "[n]o constable in [the Township]." *Id.*[3] Nevertheless, on May 12, 2017, the trial court approved the petition. *Id.*

On April 18, 2017, a petition in the form provided in the 2016 Administrative Order was submitted seeking the appointment of Sterling Ritter as a deputy constable for the Township for the Elections. R.R. at 36a. Although the Chief Clerk signed the petition certifying that Ritter is a qualified elector in the Township, and both the relevant MDJ and the District Attorney signed and recommended approval of the petition, no name or signature of a constable appeared on the petition because there is "[n]o constable in [the Township]." Nevertheless, on May 12, 2017, the trial court approved the petition. *Id.*

Following the denial of the petitions filed by the Constables, counsel for the Constables asked the trial court to conduct a hearing so "there could be a record made of what the reasons were" for the trial court's action. R.R. at 39a. At the May 12, 2017 hearing, Constable Huber testified that he did not seek the recommendation or signature of the relevant MDJ because he did not know who the MDJ was for the election district or where the MDJ's office is located. *Id.* at 51a,

---

[3] Section 7121 of Act 49 provides the procedure by which the vacancy in the office of constable for Lynn Township may be filled:

> When a vacancy occurs in the office of constable, regardless of the reason for the vacancy, the court of common pleas of the county of the vacancy, upon petition of not less than ten qualified electors residing in the . . . township of the vacancy, shall appoint a suitable person, who, upon being qualified as required by law, shall serve as the constable for the unexpired term of the vacancy.

44 Pa. C.S. §7121.

53a-54a. Constable Bainhauer testified that he did not seek the recommendation or signature of the relevant MDJ because constables are independently elected officials and do not answer to other elected officials. *Id.* at 58a. The Constables and their counsel characterized the trial court's requirement of their obtaining the recommendation and signature of the relevant MDJs on the petition form prior to its submission as an "unfunded mandate." *See id.* at 45a, 46a, 59a, 60a, 63a.[4]

---

[4] At the hearing, Counsel summarized the Constables' position as follows:

> Constables get paid absolutely nothing for going through this whole process. Adding an unfunded mandate may be something that Your Honor sees as a pathway towards helping to exercise Your Honor's own due diligence. Very, very respectfully suggest to Your Honor it's just as easy, if not more easy, for Your Honor's court administration office – Court Administration Office to accomplish that result either by sending them individually, or by converting them into a list as . . . the Chief Deputy downstairs at the Clerk's Office already does, and getting that information.
>
> If it's Your Honor's own due diligence Your Honor is concerned with, then with tremendous respect, I do suggest that that's something for the Court to engage in, rather than to order the constable to run around doing extra work he already gets paid zero for.
>
> Constables are elected officials, and do not report to any other elected official. They do indeed need to submit this petition for this approval, but that's done by dropping it off at the Clerk's Office, and that's – or by mailing it, and running the trip over to the magistrate's office, especially when as in these two cases, these two gentlemen don't even know where their magistrate office is.
> While one might say for something such as, well, perhaps they should find out, that's completely irrelevant. There is no reason why they need, or ought to find out since the magistrate does, in fact, and by law, have zero role in the election.

R.R. at 63a-64a

5

Nevertheless, the Constables conceded that the trial court itself may obtain the recommendations and signatures of the relevant MDJs and the District Attorney as part of its due diligence in exercising its duty under Section 1722(b) of Act 49. *See id.* at 53a, 57a. On May 15, 2017, following the hearing, the trial court issued orders again denying the three petitions. The Constables subsequently filed these appeals of all of the trial court's orders both denying[5] and approving the petitions.[6]

However, on August 28, 2017, the trial court amended Administrative Order No. AD-6-2016 (2017 Administrative Order), establishing a new procedure for the approval of appointments of deputy constables to work at the polls on primary and general election days. *See* Trial Court 8/28/17 Opinion at Exhibit B. The 2017 Administrative Order directs that such requests be by petition to the trial court in substantially the same form as provided in the order. *Id.* However, the 2017 Administrative Order merely requires the petitioning constable to complete Section 1 of the petition, including the name and signature of the constable seeking to make the appointment and the name and address of the proposed deputy constable, prior to its submission to the trial court's Clerk of Judicial Records. *Id.* The 2017 Administrative Order requires the court's Clerk of Judicial Records to arrange for the completion of Section 2 of the form, including the recommendation and signature of the MDJ having jurisdiction over the relevant ward, borough, or township that the petition be approved, denied, or expressing no opinion on its disposition; a signed certification from the Chief Clerk that the proposed deputy constable is a qualified

---

[5] "Our scope of review of a decision by a trial court is limited to a determination of whether the trial court abused its discretion, [and] committed an error of law or whether constitutional rights were violated. *Azzarrelli v. City of Scranton*, 655 A.2d 648 (Pa. Cmwlth. 1995)." *In re Appointment of Deputy Constable, 6th Ward, George Charles*, (Pa. Cmwlth., No. 1073 C.D. 1998, filed January 8, 1999), slip op. at 2 n.1.

[6] We granted leave for the trial court to file an amicus appellate brief.

elector in the ward for which the appointment is sought; and the recommendation and signature of the District Attorney that the petition be approved, denied, or expressing no opinion on its disposition. *Id.* In essence, the trial court subsequently granted the Constables' requested relief while the instant appeals were pending.

As a preliminary matter, the Constables have filed a motion asking this Court to transfer[7] the instant matter to the Pennsylvania Supreme Court because it is within that Court's exclusive appellate jurisdiction under Section 722(2) of the Judicial Code, 42 Pa. C.S. §722(2). Specifically, Section 722(2) provides that "[t]he Supreme Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas" in cases involving "[t]he right to public office." *Id.* However, with respect to its exclusive appellate jurisdiction under Section 722(2), the Supreme Court has explained:

> In *Appeal of Bowers*[, 269 A.2d 712, 716-17 (Pa. 1970)], the court defined "public office" as an elective or appointive position in which the incumbent is exercising a governmental function which involves a measure of policy making and which is of general public importance. [] Because this case does not fall within the scope of a case involving the "right to public office," we need not decide whether a constable is a public officer under [Section 722(2)]. *We note, however, that the parties point to nothing in the record to suggest that [the elected borough constable] himself exercised any policy-making authority.*

*Commonwealth v. Spano*, 701 A.2d 566, 567 n.4 (Pa. 1997) (emphasis added).

Likewise, in the instant matter, there is nothing in the record to suggest that the Constables' submission of the petitions for the appointment of deputy

---

[7] *See* Section 5103(a) of the Judicial Code, 42 Pa. C.S. §5103(a) ("If an appeal . . . is taken to or brought in a court . . . which does not have jurisdiction of the appeal . . . the court . . . shall not quash such appeal . . . , but shall transfer the record thereof to the proper tribunal . . . where the appeal . . . shall be treated as if originally filed in the transferee tribunal . . . .").

constables relates to the exercise of any policy-making authority such that an appeal from the trial court's approval or denial of such petitions would fall within the Supreme Court's exclusive appellate jurisdiction. As a result, we deny the Constables' request to transfer the instant appeal to the Supreme Court.[8]

Next, on the merits, the Constables argue that the trial court erred in determining that Section 1722 of Act 49 required them to obtain the approval of the relevant MDJ prior to their submission of the petitions for the appointment of deputy constables to that court. While the instant appeal was pending, the trial court apparently saw the merit in the Constables' argument and issued the 2017 Administrative Order thereby amending the requirements for petitions for the appointment of deputy constables. As a result, we will vacate the trial court's orders denying the petitions seeking the appointment of Kern, Colon-Ortiz, and Cocco as deputy constables for the 19th and 11th Wards in the City for the Elections and remand the matter to that court to reconsider these petitions under the provisions of the new 2017 Administrative Order. *See, e.g.,* Section 706 of the Judicial Code, 42 Pa. C.S. § 706 ("An appellate court may . . . vacate . . . any order brought before it for review, and may remand the matter and . . . require such further proceedings to be had as may be just under the circumstances."); *Eaddy v. Hamaty*, 694 A.2d 639, 644 (Pa. Super. 1997) ("We concede that the trial court may have reached the same result had it applied the new rules. That fact does not alter the conclusion that the trial court failed to apply the correct rules to the motion before it. By failing to apply the new

---

[8] Moreover, this Court has routinely exercised jurisdiction over appeals involving the denial of such petitions. *See, e.g., In re Oren*, 159 A.3d 1023 (Pa. Cmwlth. 2017); *In re Fry*, 110 A.3d 1103 (Pa. Cmwlth.), *appeal denied*, 123 A.3d 332 (Pa. 2015); *In re Appointment of Deputy Constable, 6th Ward, George Charles*.

8

rules governing summary judgment motions and to follow proper legal procedures, the trial court committed an abuse of discretion.").

Finally, the Constables argue that the trial court erred in approving the petitions appointing Koenig and Ritter as deputy constables for the Township for the Elections because a constable did not submit the petitions. However, because the Constables never appeared in the trial court with respect to these petitions nor sought any relief in that court in this regard,[9] nor preserved any issues in that court for our review, this issue will not be addressed for the first time in this appeal. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) ("Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal. Pennsylvania courts have consistently applied this rule. *Commonwealth v. Piper*, [328 A.2d 845 (Pa. 1974)]. The appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below[.] *Tarter v. Linn*, [578 A.2d 453 (Pa. Super. 1990), *appeal denied*, 600 A.2d 538 (Pa. 1991)].") (footnote omitted). As a result, the trial court's orders approving these petitions are affirmed.

Accordingly, the trial court's orders denying the Constables' petitions seeking the appointment of Kern, Colon-Ortiz, and Cocco as deputy constables for the 19th and 11th Wards in the City for the Elections are vacated, and the matter is

---

[9] *See, e.g., Appeal of Reed*, 164 A. 610 (Pa. 1933) ("[A]t the time the appointment of [Reed] was approved [as deputy constable] by the court . . . the question of his residence within the ward was not then at issue. Subsequently, . . . on petition alleging [that Reed] was not, at the time of his appointment a bona fide resident of the ward wherein he was appointed, a rule was granted upon the constable of the Fifth ward and [Reed] to show cause why the appointment should not be revoked. The matter came on for hearing[, t]estimony was taken as to the residence of [Reed] and thereafter . . . the court in an order and opinion disapproved the appointment and vacated its previous order.").

remanded to the trial court to reconsider these petitions under the provisions of the 2017 Administrative Order. The trial court's orders approving of the petitions appointing Koenig and Ritter as deputy constables for the Township for the Elections are affirmed. The motion to transfer the appeal is denied.

 

 

MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Lehigh County Constables       :
                                      :    No. 774 C.D. 2017
Appeal of: Dennis C. Huber            :
and Frederick Bainhauer, III          :

# O R D E R

AND NOW, this 6th day of October, 2017, the May 15, 2017 orders of the Lehigh County Court of Common Pleas (trial court) denying the petitions of Dennis C. Huber and Frederick Bainhauer III for the appointment of Judith Kern and Marianna Andrea Colon-Ortiz as deputy constables for the 19th Ward in the City of Allentown for the 2017 Municipal Primary and General Elections, and Joseph Cocco as a deputy constable for the City's 11th Ward for those Elections, are VACATED and the matter is REMANDED to the trial court for reconsideration of those petitions under the provisions of the court's August 28, 2017 Administrative Order on or before fourteen (14) days of the date of this order. The trial court's May 12, 2017 orders approving the petitions for the appointment of Scott Koenig and Sterling Ritter as deputy constables for Lynn Township for the 2017 Municipal Primary and General Elections are AFFIRMED. The motion to transfer the above-captioned appeal to the Pennsylvania Supreme Court is DENIED.

Jurisdiction is RELINQUISHED.

_____
MICHAEL H. WOJCIK, Judge