IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel Salih,                                    :
                                               :
                    Appellant                  :
                                               :
          v.                                   : No. 1524 C.D. 2018
                                               : Submitted: March 29, 2019
County of Allegheny Office                     :
of District Attorney, the City                 :
of McKeesport, and Police                      :
Sergeant Derek Stitt                           :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE ROBERT SIMPSON, Judge[1]
           HONORABLE MICHAEL H. WOJCIK, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                           FILED:  January 23, 2020

          Joel Salih (Appellant) appeals *pro se* from the August 6, 2018 order of
the Court of Common Pleas of Allegheny County (trial court) sustaining the
preliminary objections filed by the City of McKeesport and Police Sergeant Derek
Stitt (together, Appellees) and dismissing Appellant's complaint with prejudice.
We affirm.

          On December 6, 2017, Appellant filed a civil complaint under
42  U.S.C. §1983 (Section 1983) against Appellees and the County of Allegheny

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson
assumed the status of senior judge and was decided before Judge Simpson's service on the Court
ended on December 31, 2019.

Office of District Attorney (County), alleging that Appellees violated his constitutional rights when he was arrested on November 16, 2016, without probable cause. On March 29, 2018, Appellant filed a praecipe to discontinue the case without prejudice against the County.

Appellant filed proof of service on April 6, 2018, certifying that the complaint had been served on Appellees as of April 5, 2018, by United States mail, pursuant to Pa. R.C.P. No. 403(1).[2] Original Record at 8. On May 14, 2018, Appellant filed a praecipe to enter default judgment. Attached as an exhibit to the praecipe was a copy of a December 11, 2017 letter from Appellant addressed to the Allegheny County Sheriff's Office requesting service of the complaint pursuant to Pa. R.C.P. No. 400.

On May 25, 2018, Appellees filed preliminary objections asserting (1) a lack of jurisdiction based on Appellant's failure to serve Appellees in accordance

---

[2] Pa. R.C.P. No. 403(1) states:

> If a rule of civil procedure authorizes original process to be served by mail, a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail.
>
> (1) If the mail is returned with notation by the postal authorities that the defendant refused to accept the mail, the plaintiff shall have the right of service by mailing a copy to the defendant at the same address by ordinary mail with the return address of the sender appearing thereon. Service by ordinary mail is complete if the mail is not returned to the sender within fifteen days after mailing.

Pa. R.C.P. No. 403(1).

with Pa. R.C.P. No. 400 (service by the sheriff)[3] or to reinstate the complaint,[4] and (2) legal insufficiency of Appellant's claim for false arrest where Appellant was found guilty of all charges on January 25, 2018. Pa. R.C.P. No. 1028(a)(1), (a)(4). By order dated August 6, 2018, the trial court sustained the preliminary objections on both grounds and dismissed Appellant's complaint with prejudice.

The trial court stated that the only proof of service of record was filed on April 6, 2018, five months after the complaint was filed. The proof of service states that the complaint was served by United States mail, rather than by the sheriff as required under Pa. R.C.P. No. 400. The trial court also noted that the complaint was never reinstated. The trial court concluded that it lacked personal jurisdiction over Appellees based on Appellant's failure to properly serve Appellees via the sheriff.[5]

Additionally, the trial court determined the complaint was legally insufficient to state a claim under Section 1983 based on false arrest. The trial court explained that a claim for false arrest under the Fourth Amendment arises when an arrest has been made without probable cause, and probable cause is

---

[3] Pa. R.C.P. No. 400(a) states, "Except as provided in subdivisions (b) and (c) and in Rules 400.1 and 1930.4, original process shall be served within the Commonwealth only by the sheriff."

[4] *See* Pa. R.C.P. No. 401 (requiring service be made within thirty days after the filing of a complaint and authorizing reissuance or reinstatement of original process when service is not made timely).

[5] The trial court acknowledged Appellant's assertion that his praecipe for default judgment reflects his attempt to effectuate service upon Appellees by the sheriff in December 2017, but characterized the assertion that service was attempted as insufficient. Because we affirm on other grounds, we do not address the trial court's determination that it lacked personal jurisdiction over Appellees.

conclusively established where, as here, the accused has been convicted of the charges for which he was arrested.

On appeal,[6] we first consider Appellant's Statement of the Questions Involved,[7] which asks only, "Is what happened to [Appellant] a crime and if so does this vacate the lower court's order due to the court's knowledge of [Appellant's] attempt to effect service of original process?" Appellant's Brief at 2. In the argument section of his brief, Appellant asserts that the sheriff tampered with public records and that the sheriff's criminal conduct caused the dismissal of his complaint. This issue was not decided or raised before the trial court during the civil proceedings on Appellant's Section 1983 claim and will not be addressed for the first time on appeal. *See* Pa. R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *Siegfried v. Borough of Wilson*, 695 A.2d 892, 894 (Pa. Cmwlth. 1997) ("Rule 302(a) clearly states that issues not raised in the trial court are waived and cannot be raised for the first time on appeal."). Further, an appellate court may *sua sponte* refuse to address an issue raised on appeal that was not raised and preserved below. *In Re Lehigh County Constables*, 172 A.3d 712, 717 (Pa. Cmwlth. 2017). Consequently, we conclude that Appellant has failed to preserve any issue for our review. Pa. R.A.P. 302(a); Pa. R.A.P. 2116.

Moreover, overlooking Appellant's waiver of all appellate claims, we discern no error in the trial court's dismissal of Appellant's complaint on the

---

[6] Appellant filed an appeal with Superior Court, which, by order of October 9, 2018, *sua sponte* transferred the matter to this Court.

[7] Pa. R.A.P. 2116 states, "No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby."

grounds that the facts averred in the complaint are legally insufficient to state a claim for relief under Section 1983. This Court has explained:

> To determine whether Appellant has stated a [Section] 1983 action:
>
> [T]he initial inquiry must focus on whether the two essential elements to a [Section] 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law, and (2) whether this conduct deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States.

*Uram v. County of Allegheny*, 567 A.2d 753, 757 (Pa. Cmwlth. 1989).

Appellant's claim for relief under Section 1983 is for false arrest. In determining liability in a Section 1983 action based on a claim of false arrest, the critical issue is whether the arresting officers had probable cause to believe the person arrested had committed the offense. *Wagner v. Waitlevertch*, 774 A.2d 1247, 1253 (Pa. Super. 2001). "Probable cause for arrest exists when the facts and circumstances are sufficient to warrant a reasonable person to believe that an offense had been or is being committed by the person to be arrested." *Id.* In *McGriff v. Vidovich*, 699 A.2d 797, 800 (Pa. Cmwlth. 1997), this Court affirmed the dismissal of actions for false arrest on the basis that probable cause was conclusively established by the appellant's guilty plea to the offenses for which he was charged.

The appellant in *McGriff* was arrested and charged with burglary, theft, and criminal mischief. After pleading guilty to those crimes, the appellant filed two complaints against the arresting police officer alleging that the officer prepared a false, misleading, and incomplete arrest warrant and acted incompetently, leading to the appellant's false arrest. The appellant

simultaneously filed a petition to proceed *in forma pauperis*. The trial court determined that the complaints for false arrest could not be maintained because the appellant pled guilty to the charges for which he was arrested. Consequently, the trial court dismissed the complaints as frivolous.

On appeal to this Court, we cited our Superior Court's decision in *Cosmas v. Bloomingdale Bros., Inc.*, 660 A.2d 83 (Pa. Super. 1995), an appeal from the grant of summary judgment in a malicious prosecution action. The Superior Court observed in *Cosmas* that Pennsylvania courts generally consider a conviction to be conclusive proof of the existence of probable cause. *Id.* at 86. Our Court adopted that general rule in *McGriff*. We stated that while the law had been somewhat unclear in the past, "we now agree with the Superior Court that under the present state of Pennsylvania law, probable cause is conclusively established at the time the arrest was made where there is a guilty plea or conviction." *McGriff*, 699 A.2d at 800. We affirmed the trial court's order, explaining that, having agreed with the Superior Court in *Cosmas* "that the law of Pennsylvania is the Restatement position that a guilty plea conclusively establishes probable cause, [the appellant] cannot establish an essential element needed to make a cause of action for false arrest." *McGriff*, 699 A.2d at 800.

Accordingly, we affirm.[8]

_____
MICHAEL H. WOJCIK, Judge

_____

[8] On November 8, 2019, Appellant filed a Request for Oral Argument and a Request for Argument En Banc, which, based on our disposition, we dismiss as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joel Salih, :
:
                Appellant :
:
        v. : No. 1524 C.D. 2018
:
County of Allegheny Office :
of District Attorney, the City :
of McKeesport, and Police :
Sergeant Derek Stitt :

# O R D E R

AND NOW, this 23rd day of January, 2020, the order of the Court of Common Pleas of Allegheny County, dated August 6, 2018, is AFFIRMED. Appellant's Request for Oral Argument and Request for Argument En Banc are DISMISSED as moot.

_____
MICHAEL H. WOJCIK, Judge