**Clyde McGRIFF, Appellant,**

v.

**Gary S. VIDOVICH (Two Cases).**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 11, 1997.

Decided Aug. 12, 1997.

Clyde McGriff, appellant, for himself.

No appearance entered for appellee.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

PELLEGRINI, Judge.

Clyde McGriff (McGriff) has filed separate appeals from two orders of the ·Court of Common Pleas of Allegheny County (trial court) dismissing his complaints for false arrest which he filed against Gary S. Vidovich, a Wilkinsburg police officer, as frivolous.

McGriff alleges that Vidovich was assigned to investigate two burglaries at two adjoining locations. From photo arrays, the victims identified McGriff as the person who burglarized each of their apartments. Based on that information, Vidovich made an application for an arrest warrant by filing a verified criminal complaint charging him with burglary, theft and criminal mischief at each location. A District Magistrate issued the warrant and McGriff was taken into custody. At the preliminary hearing on the charges, McGriff claims that the victims testified that they had not identified him as the.person who burglarized their apartments to Vidovich. Nonethe-

less, he was held for trial and on December 5, 1995, McGriff pled guilty to the crimes charged.

After pleading guilty, McGriff filed two complaints against Vidovich with the only difference being the names of the victims who purportedly said at the preliminary hearing that they had not identified McGriff to Vidovich as the person who had burglarized their apartments. Both complaints alleged that Vidovich intentionally prepared a false, misleading and incomplete arrest warrant and acted incompetently which lead to McGriff's false arrest. McGriff filed his petition to proceed in forma pauperis simultaneously with his complaints. Determining that the complaint for false arrest could not be maintained because he pled guilty to the charges for which he was arrested, the trial court dismissed the complaint as "frivolous". When the second identical complaint came before the trial court, it was dismissed for the same reason, as well as that the claim was precluded because the same complaint had already been dismissed.[1] This appeal followed.[2]

Petitions to proceed in forma pauperis are controlled by Pa.R.C.P. No. 240. Pa.R.C.P. No. 240(j) provides:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

In accordance with Pa.R.C.P. 240(j), we must determine whether the trial court erred when it held that McGriff's complaint was frivolous. "A frivolous action has been defined as one that 'lacks an arguable basis either in law or in fact' ". Note to Rule 240, citing *Neitzke v. Williams*, 490 U.S. 319, 109

---

1. Because of the way we resolve this case, we need not address whether claim preclusion applies.

2. When reviewing the decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violat-

ed, whether the trial court abused its discretion or committed an error of law. *Mann v. City of Philadelphia*, 128 Pa.Cmwlth. 499, 563 A.2d 1284 (1989), *petition for allowance of appeal denied*, 525 Pa. 622, 577 A.2d 892 (1990).

S.Ct. 1827, 104 L.Ed.2d 338 (1989). An action is frivolous under this provision, if, on its face, it does not set forth a valid cause of action. *Keller v. Kinsley*, 415 Pa. Superior Ct. 366, 609 A.2d 567 (1992).

McGriff contends that a false arrest is an arrest made without probable cause, and, he argues, without the purportedly false identification by the victims, no probable cause for arrest existed.[3] Because we must take all the facts alleged in McGriff's complaints as true, the sole issue then is can a person who pleads guilty to the charges for which he was arrested claim that the arrest was false because there was no probable cause.[4]

Whether probable cause can be challenged once there was a conviction was addressed recently in *Cosmas v. Bloomingdales Bros., Inc.*, 442 Pa. Superior Ct. 476, 483, 660 A.2d 83, 89 (1995), stating:

In certain instances, a defendant can introduce conclusive evidence of the existence of probable cause, thereby defeating plaintiff's claim of malicious prosecution ... In many states, one such instance of conclusiveness is a plaintiff's conviction in the underlying criminal action. Even if the conviction is later overturned, it is conclusive proof of the existence of probable cause, unless the convicted party can show fraud or other undue influences at work in the conviction proceedings. See Restatement of Torts, 2d § 667(1) (1976). FN 2.

In footnote 2, the Superior Court went on to state that Pennsylvania had essentially adopted the Restatement of Torts § 667(1)[5] position:

While Pennsylvania law has been less than clear on this point, it appears that we subscribe to this theory, as a general rule. See *Bussard v. Neil*, 616 F.Supp. 854 (M.D.Pa.1985) (a conviction, even if later reversed, was conclusive proof of probable cause); *Martinez v. Korvette*, 335 F.Supp. 886 (E.D.Pa.1971), affirmed, 477 F.2d 1014 (3d Cir.1973) (stating that it was not clear whether Pennsylvania found a conviction conclusive on the issue of probable cause, but that such evidence could not be overcome without a showing of fraud or unfairness); *Lynn v. Smith*, 193 F.Supp. 887 (W.D.Pa.1961) (conviction on summary proceeding before justice of the peace was conclusive on the existence of probable cause); *Cooper v. Hart*, 147 Pa. 594, 23 A. 833 (1892) (a guilty verdict, even if later reversed, was conclusive proof of probable cause). But see *Hamidian v. Occulto*, 854 F.Supp. 350, 354 (M.D.Pa.1994) (refusing to grant summary judgment for defendants on state malicious prosecution claim because conviction by justice of the peace may not conclusively establish probable cause); *MacDonald v. Schroeder*, 214 Pa. 411, 63 A. 1024 (1906) (conviction by jury and subsequent grant of new trial by the judge was not conclusive proof of probable cause); *Cap v. K-Mart Discount Stores, Inc.*, 357 Pa.Super. 9, 13, 515 A.2d 52 (1986) (disagreeing with *Lynn v. Smith* and holding that conviction for summary

**3.** A false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so. Pennsylvania Suggested Standard Civil Jury Instructions @13.04. *See Renk v. City of Pittsburgh*, 537 Pa. 68, 641 A.2d 289 (1994).

**4.** McGriff relies on *Haring v. Prosise*, 462 U.S. 306, 103 S.Ct. 2368, 76 L.Ed.2d 595 (1983), that his plea of guilty does not preclude his bringing an action for false arrest. In *Haring*, the Supreme Court held that to preserve federal courts as an available forum for the protection of constitutional rights, a Section 1983 claim for an illegal search under the Fourth Amendment was not barred because the plaintiff had pled guilty to the underlying charges. The federal courts have rejected that approach, however, and held that a Section 1983 action claiming violations of constitutional rights by false arrest, false imprisonment

or malicious prosecution could not be maintained. *See Cameron v. Fogarty*, 806 F.2d 380 (2nd Cir.1986). In *Hamidian v. Occulto*, 854 F.Supp. 350 (1994), the court stated that the plaintiff and, inferentially, it could not find a single Section 1983 case that has rejected a judicial officer's determination as conclusive on the question of probable cause.

**5.** Restatement of Torts § 667. Effect of Conviction or Acquittal.

(1) The conviction of the accused by a magistrate or trial court, although reversed by an appellate tribunal, conclusively establishes the existence of probable cause, unless the conviction was obtained by fraud, perjury or other corrupt means.
(2) The acquittal of the accused by a magistrate or trial court is not evidence of lack of probable cause.

offense before justice of the peace was not conclusive evidence of probable cause).

■ While somewhat unclear in the past, we now agree with the Superior Court that under the present state of Pennsylvania law, probable cause is conclusively established to exist at the time the arrest was made when there is a guilty plea or conviction.[6]

■ McGriff's complaint is not frivolous in the ordinary sense because, at the core, it contains a legal issue that is not altogether settled, and we would certainly not impose counsel fees for bringing the same issue in an appeal of dismissal of his complaints on a demurrer. Nonetheless, once we agree with the trial court's holding and the Superior Court in *Cosmas,* that the law of Pennsylvania is the Restatement position that a guilty plea conclusively establishes probable cause, McGriff cannot establish an essential element needed to make a cause of action for false arrest. Once we make that determination, the action becomes "frivolous" within the meaning of Pa.R.C.P. No. 240(j) because there is no way he can be successful at trial. Accordingly, we affirm the trial court.

### ORDER

AND NOW, this 12th day of August, 1997, the orders of the Court of Common Pleas of Allegheny County, No. GD96–12889 and No. GD96–13209, are affirmed.

---

**6.** While, here, we do not have a conviction but a guilty plea that does not change the conclusiveness that probable cause existed to make the arrest. In *Com., Dept. of Trans. v. Mitchell,* 517 Pa. 203, 212, 535 A.2d 581, 585 (1987), our Supreme Court, addressing whether a guilty plea had the same effect as a conviction for summary judgment purposes, held that because it constitutes admission to all of the facts averred to in the indictment, a guilty plea "does not produce a different result than if [the person] had been convicted after a jury trial."