Dion Jetter, Appellant
v.
John Kerestes; Gerald Gavin; Thomas Derfler; Edward Quinn; Kevin Clark; S. Luquis; Cynthia Gregory; Rebecca DeSanti; Richard Spaide.
No. 357 C.D. 2009.
Commonwealth Court of Pennsylvania.
Submitted: August 14, 2009.
Filed: September 3, 2009.
BEFORE: PELLEGRINI, Judge; LEAVITT, Judge; FLAHERTY, Senior Judge.

OPINION NOT REPORTED
MEMORANDUM OPINION BY JUDGE PELLEGRINI.
Dion Jetter (Jetter) appeals pro se from an order of the Court of Common Pleas of Schuylkill County (trial court) denying leave to file an action in forma pauperis and dismissing the action pursuant to Pennsylvania Rule of Civil Procedure (Pa. R.C.P.) No. 240(j) because it found the causes of action asserted were frivolous.[1]
Jetter, an inmate at SCI-Mahoney, filed an informal complaint on November 21, 2007, with Thomas Derfler, Christine Griffin and the Department of Corrections' (DOC) Office of Professional Responsibility in which he alleged that a Sergeant Joffe (Joffe) used profanity towards him in violation of the DOC Code of Ethics. Jetter included with the complaint a document entitled "Waiver of Liability," which purported to waive Jetter's liability "for any escalation which may result in a riot, injury, and/or death of S.G.T. (sic) Joffe which may occur as a result of the Department of Corrections tolerating and/or condoning S.G.T. (sic) Joffe's use of profanity directed to me." (Complaint, Exhibit A.) Though Jetter also stated that the language was not intended to be a threat, prison officials reasonably construed it as a threat against Joffe and opened an investigation of the incident.
According to the complaint filed before the trial court, Edward Quinn (Quinn) interviewed Jetter and Kevin Clark searched his cell and removed various legal materials and a typewriter under the orders of Gerald Gavin. Quinn then issued a misconduct report stating that Jetter had threatened Joffe, and S. Luquis found him guilty and sanctioned Jetter to 90 days in the Restricted Housing Unit (RHU) of which he served 60. Jetter appealed to the Program Review Committee, consisting of Cynthia Gregory, Rebecca DeSanti and Richard Spaide, then to the Superintendent, John Kerestes, and then to the DOC Chief Hearing Examiner, all of whom denied his appeal.
Jetter then filed an action in the trial court against all the above-named individuals (Prison Officials) alleging that they illegally conspired against him and engaged in willful misconduct:
 By filing a misconduct report in response to his complaint that misrepresented what he said in the "Waiver of Liability" in violation of his due process rights;
 By retaliating against him for filing the grievance against Sergeant Joffe by giving him 60 days in the RHU in violation of his liberty interests; and
 By failing to properly review his misconduct report during the DOC appeals process in violation of his due process rights.
Besides filing his complaint, Jetter sought in forma pauperis status apparently based upon his lack of financial resources as a prison inmate. Pursuant to Pa. R.C.P. No. 240(j), the trial court determined that Jetter's claims were frivolous and denied his request for in forma pauperis status and dismissed his complaint. This appeal followed in which Jetter contends that the trial court abused its discretion in refusing to permit him to proceed with this action.[2]
Jetter contends that his claim that prison officials conspired against him by filing a misleading misconduct report is not frivolous and has merit.[3] Stripping all the conclusions of law in the complaint away, what Jetter alleged is that Prison Officials conspired to deny him his constitutional rights to a fair hearing because they did not properly address a grievance that contained a not so veiled threat against a prison guard, and retaliated against him for filing the misconduct report based on the threat contained in his grievance and placed him in restrictive housing. Not surprisingly, based on those allegations, Jetter has not articulated a factual or legal basis to support his claims.
While, no doubt, Prison Officials "willfully" "conspired" to discipline Jetter, the object of that conspiracy was not an illegal act and did not involve "misconduct," but was for the lawful and valid purpose of disciplining an inmate who made threats against a correction officer. See Brown v. Blaine, 833 A.2d 1166, 1173 n.16 (Pa. Cmwlth. 2003) (conspiracy requires an unlawful act, means, or purpose). Based on those facts, the other causes of action are similarly frivolous because:
 His due process rights were not violated when Prison Officials found that his threats constituted misconduct because discipline was only imposed after a hearing.
 His due process rights were not violated when Prison Officials failed to "properly consider" the grievance containing the threat because even if the grievance was meritorious, those procedures do not implicate due process rights under either the United States or Pennsylvania Constitutions. Luckett v. Blaine, 850 A.2d 811, 820 (Pa. Cmwlth. 1995); see also Sandin v. Conner, 515 U.S. 472.
 The claim of retaliation was not made out because that requires an adverse action taken as a direct result of an inmate engaging in constitutionally protected conduct. Yount v. Department of Corrections, ___ Pa. ___, ___; 966 A.2d 1115, 1120 (2009). Threatening a corrections officer is not a constitutionally protected activity.
 No liberty interest was violated because of his confinement for sixty days in restrictive housing because "[O]nly those regulations that impose atypical sanctions and significant hardships when compared to the normal incidents of prison life implicate the Constitution." Luckett, 850 A.2d at 820 (quoting Sandin v. Conner, 515 U.S. at 484). There is nothing atypical about punishing an inmate by sending him to restrictive housing for threatening a corrections officer.
Because Jetter has not articulated a factual or legal basis to support his claims, the action is deemed frivolous. Thomas v. Holtz, 707 A.2d 569, 572 (Pa. Cmwlth. 1998). We affirm the order of the trial court dismissing the case.

ORDER
AND NOW, this 3rd day of September, 2009, the order of the Court of Common Pleas of Schuylkill County dated January 30, 2009, is affirmed.
NOTES
[1] Pa. R.C.P. No. 240(j) provides:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, the party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.
[2] When reviewing the decision of a trial court, our scope of review is limited to a determination of whether constitutional rights have been violated or whether the trial court abused its discretion or committed an error of law. Mann v. City of Philadelphia, 563 A.2d 1284 (Pa. Cmwlth. 1989).
[3] Pa. R.C.P. No. 240(j) provides that "A frivolous action or proceeding has been defined as one that `lacks an arguable basis either in law or in fact.'" Id. at Note (quoting Neitzke v. Williams, 490 U.S. 319 (1989)). Under Pa. R.C.P. No. 240(j), an action is frivolous "if, on its face, it does not set forth a valid cause of action." McGriff v. Vidovich, 699 A.2d 797, 799 (Pa. Cmwlth. 1997) (citing Keller v. Kinsley, 609 A.2d 567 (Pa. Super. 1992)). A pro se complaint should not be dismissed simply because it is not artfully drafted. Hill v. Thorne, 635 A.2d 186 (Pa. Super. 1993).