J-A33044-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ALLEN FEINGOLD, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ELIZABETH BRODY AND MARJORIE S. | : | |
| YELON, | : | |
| | : | No. 828 EDA 2015 |
| Appellees | : | |

Appeal from the Order Entered February 18, 2015,
in the Court of Common Pleas of Philadelphia County,
Civil Division at No(s): No. 02877 January Term, 2015

BEFORE:  FORD ELLIOTT, P.J.E., STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED JANUARY 05, 2016**

Allen Feingold (Appellant) appeals *pro se* from an order dismissing his complaint as frivolous pursuant to Pa.R.C.P. 240(j)(1).  We affirm.

On January 23, 2015, Appellant filed a motion to proceed *in forma pauperis* along with a complaint against Elizabeth Brody, Marjorie S. Yelon (collectively, Appellees), the Estate of Betty Sosin, and the Estate of Herman Sosin.  In the complaint, Appellant alleged that Betty and Herman Sosin retained Appellant to represent them pursuant to a contingency fee agreement in litigation resulting from a 2005 elevator accident in which Betty Sosin sustained serious personal injuries.  Complaint, 1/23/2015, at ¶¶7-10.  According to the complaint, Appellant spent "hundreds of hours" on the litigation; then, "[w]ith the permission of the Sosins," Appellant

---

* Retired Senior Judge assigned to the Superior Court.

transferred the case to his colleague, Elliott Tolan, Esquire.[1]  *Id.* at unnumbered page 3-4, ¶¶11-13; unnumbered page 4, ¶12.[2]

Appellant further alleged that Attorney Tolan and the Sosins agreed that Appellant "possessed a lien and a claim against the proceeds of the Sosins' litigation in the amount of the value of the work he had performed on the claim prior to transferring the matter." *Id.* at unnumbered page 4, ¶13. However, both of the Sosins died prior to trial, Appellees were named executrices of the estates, and Appellees refused to cooperate with regard to the litigation. *Id.* at ¶¶15-16.  As a result, the litigation was dismissed. *Id.* at ¶17.  Based on the above, Appellant alleged counts of tortious interference with contract, breach of fiduciary duty, and civil conspiracy, seeking damages for what Appellant deemed Appellees' "sabotage" of the underlying litigation. *Id.* at ¶¶ 20-21, 25, 28.

On February 18, 2015, the trial court dismissed Appellant's complaint as frivolous pursuant to Rule 240(j)(1), concluding that Appellant "fail[ed] to state a claim for tortious interference with contract, lack[ed] standing to pursue a claim for breach of fiduciary duty, and fail[ed] to state a claim for civil conspiracy."  Order, 2/18/2015.  Appellant filed a motion for

---

[1] Although not mentioned in the complaint, it is undisputed that the transfer was spurred by Appellant's disbarment.

[2] Due to an error in the numbering of paragraphs in the complaint, a paragraph 12 and paragraph 13 appear on both unnumbered pages 3 and 4.

reconsideration on March 11, 2015, and a notice of appeal on March 20, 2015.[3]

On appeal, Appellant presents one issue for our consideration: "Whether the trial court erred and/or abused its discretion in dismissing [Appellant's] complaint as frivolous and in denying leave to amend the complaint?"  Appellant's Brief at 3.

"Appellate review of a decision dismissing an action pursuant to Pa.R.C.P. 240(j) is limited to a determination of whether an appellant's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law."  **Bell v. Mayview State Hospital**, 853 A.2d 1058, 1060 (Pa. Super. 2004).

Rule 240(j)(1) provides:

If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1).  As the note to Rule 240(j)(1) explains, "[a] frivolous action or proceeding has been defined as one that 'lacks an arguable basis either in law or in fact.'"  **Id.** at Note (quoting **Neitzke v. Williams**, 490 U.S. 319 (1989)).  Moreover, "an action is frivolous 'if, on its face, it does not set forth a valid cause of action.'" **Bell**, 853 A.2d at 1060 (quoting **McGriff v. Vidovich**, 699 A.2d 797, 799 (Pa. Cmwlth. 1997)). "As we

---

[3] The trial court did not rule on the motion for reconsideration.

review Appellant's complaint for validity under Rule 240, we are mindful that a *pro se* complaint should not be dismissed simply because it is not artfully drafted." ***Id.***

The trial court offered the following explanation for dismissing Appellant's complaint as frivolous.

> To establish a claim for tortious interference with contract, a plaintiff must allege 1) the existence of a contractual relationship between the plaintiff and a third party, 2) purposeful action on the part of defendant intended to harm the relationship, 3) the absence of privilege or justification, and 4) actual damages. ***S[t]oeckinger v. Presidential Fin. Corp. of Delaware Valley***, 948 A.2d 828, 834 (Pa. Super. 2008). [Appellant's] contractual relationship with the Sosins ended in 2008 when he was disbarred and turned the file over to Attorney Tolan; thus, there was no contractual relationship between [Appellant] and the Sosins with which [Appellees] could have interfered. Even if [Appellant's] disbarment did not terminate his contractual relationship with the Sosins, the contractual relationship terminated when the Sosins passed away. Assuming *arguendo* a contract existed, [Appellees'] decision not to pursue the litigation on behalf of the Sosins' estates is not evidence of purposeful action intended to hurt the contractual relationship between [Appellant] and the Sosins. As this Commonwealth's appellate courts have made clear, it is the litigant's decision whether to press forward with a case. ***Senyshyn v. Karlak***, 299 A.2d 294, 296 (Pa. 1973); ***Austin J. Richards, Inc. v. McClafferty***, 538 A.2d 11, 15-16 (Pa. Super. 1988). Here, [Appellees], as the litigants, chose not to press forward with the Sosins' case, and the Courts of this Commonwealth recognize this choice was theirs to make. Accordingly, [Appellant's] claim for tortious interference with contract is frivolous because it lacks a reasonable basis in fact and law.
>
> [Appellant's] breach of fiduciary duty claim fails because [Appellant] lacks standing to bring such a claim. In his Complaint, [Appellant] alleges [Appellees], as executrices of Sosin's estate, owed him, as a creditor, a fiduciary duty to maximize the value of the estate. Complaint at ¶¶ 23-24.

- 4 -

Contrary to his assertion, [Appellant] was not a creditor. As the factual allegations of [Appellant's] Complaint make clear, [Appellant's] lien and claim did not vest until there were proceeds from the litigation. *See* Complaint at [unnumbered page 4,] ¶ 13 ("Tolan and the Sosins agreed and acknowledged [Appellant] possesses a lien and claim *against the proceeds of the Sosins' litigation* ….")(Emphasis added). The Complaint also clearly alleges there were no proceeds from the litigation. *See* Complaint at ¶ 17 (" … the Sosin[s'] litigation was dismissed."). [Appellant's] lien and claim did not vest because there were no proceeds of the litigation; therefore, [Appellant] is not a creditor of the Estate of Betty Sosin or the Estate of Herman Sosin. Since [Appellant] was not a creditor of the Estate of Betty Sosin or the Estate of Herman Sosin, [Appellees], the executrices of said estates, did not owe a fiduciary duty to [Appellant]; [Appellant] lacks standing to bring a claim for breach of fiduciary duty. Finally, [Appellant's] conspiracy claim was properly dismissed because a conspiracy claim cannot exist independently of an underlying tort.[4] Here, [Appellant's] tort claims were dismissed as frivolous; therefore, his conspiracy claim must also be dismissed as frivolous.

Trial Court Opinion, 3/27/2015, at unnumbered pages 2-4.

The thrust of Appellant's argument on appeal is as follows:

Here, an examination of the averments in [Appellant's] complaint reveals that the complaint does not meet the requisite standard of frivolity. [Appellant] specifically averred that there was a contractual agreement in place providing for [Appellant] to be paid for fees and costs he incurred in connection with the Sosin case. [Appellant's] complaint further averred that the executrices of the estates intentionally interfered with his right to compensation and refused at the last minute to cooperate with the [underlying] litigation … . Although it is alleged that [Appellant's] allegations lack some detail for our fact-pleading jurisdiction, [Appellant] has nevertheless pled a plausible claim for compensation that has an arguable basis in both fact and

---

[4] *See Phillips v. Selig*, 959 A.2d 420, 437 (Pa. Super. 2008) (quoting *McKeeman v. Corestates Bank, N.A.*, 751 A.2d 655, 660 (Pa. Super. 2000)) (setting forth the elements of a civil conspiracy claim and further explaining that, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act").

law, even on the current state of the record. At a minimum, he has made a sufficient showing of merit such that any perceived omission of factual detail is susceptible of cure through amendment. There is no record support for the trial court's characterization of [Appellant's] allegations as "frivolous."

Appellant's Brief at 9.

The trial court dismissed Appellant's complaint because it was frivolous, in that the claims therein lacked an arguable basis either in law or in fact. The trial court did not, as Appellant's argument suggests, dismiss the complaint on the basis that the claims therein were underdeveloped. In merely summarizing the allegations in his complaint, baldly asserting that his claims were not frivolous, and arguing that he should have been given an opportunity to amend the complaint, Appellant fails to demonstrate how the trial court's frivolity determination requires reversal on the facts Appellant did plead, let alone how a more specific amended complaint would enable Appellant to state a claim cognizable under the law.[5] As such, Appellant has not met his burden of convincing us that the trial court's decision was improper. *The York Grp., Inc. v. Yorktowne Caskets, Inc.*, 924 A.2d 1234, 1246 (Pa. Super. 2007) ("[T]he appealing party bears the burden of establishing that the trial court's decision is erroneous."). Accordingly, we affirm the order of the trial court.

Order affirmed.

---

[5] Indeed, Appellant fails to offer meaningful discussion of the legal requirements of a *prima facie* case for any cause of action he attempted to plead in his complaint.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/5/2016