# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Glue Wilkins, :
:
:
Appellant :
:
:
v. : No. 1103 C.D. 2017
: Submitted: March 16, 2018
Ms. Jennifer L. Traxler, Esquire, :
Deputy Prothonotary, Superior Court :
of Pennsylvania :

OPINION NOT REPORTED

MEMORANDUM OPINION
PER CURIAM                                      FILED:  June 13, 2018

Before this Court[1] is the *pro se* appeal of Glue Wilkins (Appellant), from the May 22, 2017 order of the Court of Common Pleas of Dauphin County (Trial Court) that dismissed his complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure No. 240(j).  Appellant, who is incarcerated at the State Correctional Institution at Fayette, filed a civil complaint naming Jennifer L. Traxler, Esquire (Ms. Traxler) as defendant, alleging that in performing her duties she prevented requisite judicial review of numerous motions that he has filed in his appeal from a criminal conviction.  (Original Record (R.) Item No. 2, April 20, 2017 Complaint.)  For the reasons set forth below, we affirm.[2]

In its May 22, 2017 order, the Trial Court determined that, after review of Appellant's petition to proceed *in forma pauperis*, a review of the complaint

---

[1] Ms. Traxler is the Deputy Prothonotary of the Superior Court for the Middle District of Pennsylvania. Appellant's appeal of the Trial Court's order, which was initially filed in the Superior Court, was transferred to this Court pursuant to 42 Pa. C.S. § 5103 (transfer of erroneously filed matters).

[2] Our review of a decision dismissing an action pursuant to Pa. R.C.P. No. 240(j) is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law. *McGriff v. Vidovich*, 699 A.2d 797, 798 n.2 (Pa. Cmwlth. 1997).

against Ms. Traxler and subsequent miscellaneous filings, Appellant's complaint was frivolous, and accordingly dismissed the complaint. (R. Item No. 9, Order.) When a litigant in a civil action seeks to proceed *in forma pauperis*, Pa. R.C.P. No. 240 permits a trial court to review the complaint before allowing the action to proceed. Pa. R.C.P. No. 240(j)(1) provides, in pertinent part:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa. R.C.P. No. 240(j)(1). Thus, Pa. R.C.P. No. 240(j)(1) permits a court to dismiss a frivolous action when a petition to proceed *in forma pauperis* is simultaneously filed. The courts define a frivolous action or proceeding as one "lack[ing] an arguable basis either in law or fact." *Id.* at Note (citing *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). An action is frivolous under Pa. R.C.P. No. 240(j)(1) if it fails, on its face, to state a valid cause of action. *Ocasio v. Prison Health Services*, 979 A.2d 352, 354 (Pa. Super. 2009).

In its opinion filed pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, the Trial Court found that Appellant's assertion that Ms. Traxler denied him meaningful access to the courts was frivolous because "he [did] not specify a civil cause of action upon which he is entitled to relief" nor did he "include any material fact(s) on which his bold allegation is based." (R. Item No. 44, November 3, 2017 Statement in Lieu of Rule 1925(a) Opinion.) The Trial Court noted that since his 2003 criminal conviction in Dauphin County, Appellant has filed at least 32 civil actions and 25 private criminal complaints against various elected and non-elected officials, all stemming from his 2003 conviction. (*Id.*) In

2

conjunction with a Post Conviction Relief Act (PCRA), 42 Pa. C.S. §§ 9541-9546, appeal that Appellant filed with the Pennsylvania Superior Court, he has alleged that the certified record lacks exculpatory material, including preliminary hearing transcripts, a sentencing order, and a medical report, and in addition to monetary damages, he seeks declaratory relief preventing appellate review until his record is complete. (*Id.*)

Before this Court, Appellant argues, essentially, that Ms. Traxler fraudulently denied him meaningful appellate review when she forwarded him a *per curiam* order from the Superior Court that denied his application to correct the certified record as moot. The Superior Court's April 7, 2017 *per curiam* order states:

> Appellant's April 7, 2017 document titled "legal notice," treated as an application for relief, is DENIED. Appellant's April 7, 2017 document titled "legal notice," treated as an application to correct the certified record, is DENIED as moot to the extent Appellant requests that the certified record be supplemented with items already included in the record, such as the medical report, sentencing order, and sentencing transcript. To the extent Appellant seeks further relief, the application is DENIED.

He asserts that the certified record for his PCRA appeal is incomplete and inaccurate and that in violating her "per curiam powers," Ms. Traxler has violated his due process rights.

Appellant's argument is without merit. He avers no facts whatsoever that might entitle him to relief. Moreover, as he brings this action against Ms. Traxler in her capacity as Deputy Prothonotary of the Superior Court, an entity of the government of the Commonwealth of Pennsylvania, it is barred by sovereign immunity. Under 1 Pa. C.S. § 2310, "the Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign

3

immunity and official immunity….” Ms. Traxler, as a state official, is protected by sovereign immunity. *Stackhouse v. Commonwealth, Pennsylania State Police*, 892 A.2d 54, 62 (Pa. Cmwlth. 2006). Likewise, Appellant's claims do not fall within any of the enumerated exceptions to sovereign immunity set forth in Section 8522 of the Sovereign Immunity Act, 42 Pa. C.S. § 8522.

The Trial Court properly addressed and dismissed the matter before it. For the foregoing reasons, the Trial Court's decision is affirmed.[3]

---

[3] The docket includes a number of "Motions for Judicial Notice" filed by Appellant, including:

> "Motion for Judicial Notice that the Lower Court Has Now Supplemented The Official Record with the Preliminary Hearing Transcripts" (filed August 29, 2017);
> "Motion For Judicial Notice that Supplement to Official Record Contradicts Defendant's Per Curiam Order" (filed November 13, 2017);
> "Motion For Judicial Notice That Honorable William T. Tully Has Never Filed Requisite 1925(a)" (filed November 15, 2017);
> "Motion For Judicial Notice of the Perjury of Trial Judge The Honorable William T. Tully" (filed November 29, 2017)
> "Motion for Judicial Notice of the Schizophrenia of Trial Judge The Honorable William T. Tully" (filed November 16, 2017);
> "Corrected cover page - Motion for Judicial Notice that No Sentencing Order Exists for Appellant's Criminal Matter PCRA Appeal (297 MDA 2017)" (filed November 17, 2017);
> "Motion for Judicial Notice of the Perjury of Trial Judge The Honorable William T. Tully" (filed November 17, 2017);
> "Motion For Judicial Notice of the Perjury of Trial Judge The Honorable William T. Tully" (filed November 22, 2017);
> "Motion For Judicial Notice of the Extrinsic Fraud of Trial Judge The Honorable William T. Tully" (filed November 20, 2017);
> "Motion For Judicial Notice Of Jennifer L. Traxler Report From Office Of Disciplinary Counsel" (filed December 11, 2017); and
> "Motion for Judicial Notice that Trial Judge Honorable William T. Tully Received Open Court Notice of Defective and Deficient Record (3382-CR-2002) on 6/5/15 (1235-CR-2015)" (filed January 2, 2018).

This Court wishes to emphasize that it has reviewed all of the docket entries in this record, and that all of the Motions for Judicial Notice shall be dismissed because they are either immaterial, impertinent, redundant, scandalous, contain false matters or are conclusions of law.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Glue Wilkins, | : |
| | : |
| Appellant | : |
| | : |
| v. | : No. 1103 C.D. 2017 |
| | : |
| Ms. Jennifer L. Traxler, Esquire, | : |
| Deputy Prothonotary, Superior Court | : |
| of Pennsylvania | : |

**PER CURIAM**

# **O R D E R**

**AND NOW**, this 13th day of June, 2018, the order of the Court of Common Pleas of Dauphin County is AFFIRMED.  It is further ordered that all of Appellant's Motions for Judicial Notice are hereby DISMISSED.