J-S41004-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MYRON WATSON | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DOCTOR CALEB, JOHN STEINHART, | : | No. 385 MDA 2019 |
| AND CORRECT CARE SOLUTIONS | : | |

Appeal from the Order Entered February 5, 2019
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-224-2019

BEFORE:   LAZARUS, J., MURRAY, J., and STRASSBURGER*, J.

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 09, 2019**

Myron Watson appeals *pro se* from the trial court's order denying his petition to proceed *in forma pauperis* (IFP) and dismissing his complaint.  We affirm.

Watson, an inmate at SCI-Mahanoy, filed a *pro se* complaint against Appellees/Defendants, Doctor Caleb[1] (a medical-contract provider), John Steinhart (Chief Health Care Administrator (CHCA) at SCI-Mahanoy),[2] and

---

[1] Nothing in the record indicates Caleb's first name.

[2] Steinhart is the only Appellee that has filed a brief on appeal.  We note that Steinhart's defense of sovereign immunity does not apply to medical professionals.  **See Williams v. Syed**, 782 A.2d 1090 (Pa. Commw. 2001) (prison health care administrator, as Commonwealth employee, falls within medical professional liability exception to sovereign immunity).

---

*   Retired Senior Judge assigned to the Superior Court.

Correction Care Solutions,[3] asserting "negligence/wanton conduct" (Count 1), "misfeasance and nonfeasance" (Count 2), and improper "policies, practices and/or customs" (Count 3). *See* Plaintiff's Complaint, 2/4/18, at 5-7. The coversheet to Watson's *pro se* complaint designates his action as one of "Professional Liability/Negligence."

Watson claims that he was prescribed cholesterol medication by Dr. Caleb and that the renewal of the medication was delayed causing an increased risk of him developing arteriosclerosis. Watson asserts that Steinhart, as the prison grievance officer, disregarded his complaints and that Correct Care Solutions exercised "relaxed oversight of its employees when prescribed medications are delayed." Appellant's Brief, at 7. He also avers that "as a result of the delay in providing the prescribed medications, [Watson] has undergone great pain and suffering, and, thus, a claim for those injuries is made." Plaintiff's Complaint, 2/4/18, at ¶ 45. Finally, Watson alleges that his civil rights were violated where the Defendants' actions demonstrated "a deliberate indifference . . . to [Watson's] constitutional rights." *Id.* at ¶¶ 52, 57.

On February 5, 2018, the trial court entered an order dismissing Watson's complaint, which it deemed as one alleging medical malpractice, for

---

[3] Correct Care Solutions is an independent company that provided medical personnel, like Dr. Caleb, to administer medical services to prison inmates.

failure to attach a certificate of merit, **see** Pa.R.C.P. 1042.3,[4] as well as for frivolity under Pa.R.C.P. 240(j). Watson filed a timely notice of appeal. He raises the following issue for our consideration: "Whether the trial court erred and abused its discretion by dismissing [Watson's] complaint as frivolous pursuant to Pa.R.C.P. 240(j)[,] mischaracterizing his complaint as one in medical malpractice." Appellant's Brief, at 3.

Appellate review of a decision dismissing an action pursuant to Rule 240(j) "is limited to a determination of whether the plaintiff's constitutional rights have been violated and whether the trial court abused its discretion or committed an error of law." **Ocasio v. Prison Health Servs.**, 979 A.2d 352, 354 (Pa. Super. 2009). Pursuant to Rule 240(j):

> (1)    If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.C.P. 240(j)(1). An action is frivolous under Rule 240(j) "if, on its face, it does not set forth a valid cause of action." **Id.**, citing **McGriff v. Vidovich**, 699 A.2d 797, 799 (Pa. Commw. 1997).

We agree with the trial court that Watson's action is frivolous. **See Bell v. Mayview State Hosp.**, 853 A.2d 1058 (Pa. Super.2004) (complaint

---

[4] Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff to file a certificate of merit in a professional liability action in which it is alleged that a licensed professional deviated from the acceptable standard of care.

against hospital, clinic and various psychologists properly dismissed as frivolous under Rule 240(j), where it did not set forth valid cause of action for medical malpractice, defamation, fraud and negligence). Watson's complaint fails to aver exactly what harm or damages he has suffered as a result of Defendants' alleged "malfeasance and nonfeasance." ***Straw v. Fair***, 187 A.3d 966 (Pa. Super. 2018) (to state claim for negligence, plaintiff must allege: legal duty to conform to standard; failure to conform to standard; reasonably close causal connection between conduct and resulting injury; and actual damage or loss).[5] In fact, in his complaint Watson lists his total cholesterol

---

[5] We do not necessarily agree with the trial court that Watson's complaint was one sounding in medical malpractice. A medical professional liability action is defined in the Medical Care Availability and Reduction of Error (MCARE) Act as "[a]ny proceeding in which a medical professional liability claim is asserted, including an action in a court of law or an arbitration proceeding." 40 P.S. § 1303.103. Moreover, a medical professional liability claim is "[a]ny claim seeking the recovery of damages or loss from a health care provider arising out of any tort . . . causing injury or death *resulting from the furnishing of health care services which were or should have been provided*." ***Id.*** (emphasis added). Specifically, claims of medical malpractice necessarily raise questions involving medical judgment. ***Grossman v. Barke***, 868 A.2d 561, 567 (Pa. Super. 2005). Medical malpractice has been defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient." ***Id.*** at 655. Notably, a distinguishing feature of a medical malpractice suit is often the need for expert testimony. ***Id.*** Here, Watson alleges that Dr. Caleb and Steinhart failed to ensure that his prescribed medications were provided to him.

However, even if we construed Watson's claims to raise a claim of medical malpractice, it would similarly fail for Watson's failure to state the harm he endured as a result of Plaintiffs' actions, as well as a lack of a certificate of merit. ***See Grossman***, ***supra*** ("When a plaintiff's medical malpractice claim sounds in negligence, the elements of the plaintiff's case are the same as those in ordinary negligence actions.").

levels (including a breakdown of HDL and LDL levels) and triglyceride levels from March 2013 through June 2018. He claims that on December 15, 2017, he ran out of his cholesterol medication. However, Watson's total cholesterol and triglyceride levels in June 2018, after his medication had not been renewed and he was no longer taking it, were lower than those recorded in March 2013, September 2014, and September 2016, when he was taking his medication.

Moreover, Watson's claim for punitive damages similarly fails to state a claim. **See Williams**, 782 A.2d at 1096 ("Neither mere negligence, nor even gross negligence, shows sufficient culpability to justify a punitive damage award;" punitive damages proper in cases of outrageous behavior or egregious conduct showing evil motive or reckless indifference to rights of other) (citation omitted).

Likewise, we find Watson's civil rights claim is frivolous. In order to establish a claim of a violation of civil rights with regard to medical treatment, a plaintiff must establish that he suffered from a serious medical need and that the prison officials were deliberately indifferent to that need. **Ocasio**, 979 A.2d at 356. A deliberate indifference to serious medical needs of prisoners constitutes an Eighth Amendment violation where: (1) the deprivation suffered by the prisoner is objectively, sufficiently serious, and (2) a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities. **See Kretchmar v. Dep't of Corr.**, 831 A.2d 793, 798 (Pa. Commw. 2003). Claims of negligence or medical malpractice

do not necessarily rise to the level of deliberate indifference of a serious medical need. ***Rouse v. Plantier***, 182 F.3d 192 (3rd Cir. 1999). Here, we do not find that Watson suffered seriously from the Defendants' acts or omissions; thus, he has failed to set forth a valid claim for a civil rights violation.

Order affirmed.[6]

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2019

---

[6] We note that technically under Rule 240(j) when an individual simultaneously files an action and a petition for leave to proceed *in forma pauperis*, the court *prior to acting upon the petition* may dismiss the action once it determines the action is frivolous. Thus, having determined Watson's action was, indeed, frivolous, the trial court should not have acted on his IFP petition. Since the result is the same, however, we affirm the order. We caution the trial court in future cases to strictly comply with Rule 240(j).