# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky Tejada,                :
                Appellant       :
                                 :
             v.                :     No. 484 C.D. 2021
                                 :     Submitted: December 17, 2021
Sue Dowd, Rene Styka and       :
Jonathan Simpson             :

BEFORE:     HONORABLE RENÉE COHN JUBELIRER, Judge[1]
               HONORABLE ANNE E. COVEY, Judge
               HONORABLE CHRISTINE FIZZANO CANNON, Judge

## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COHN JUBELIRER              FILED: May 25, 2022

Ricky Tejada (Tejada) appeals pro se from the October 20, 2020 Order (Order) of the Court of Common Pleas of Schuylkill County (trial court), denying Tejada's "Application to Proceed *In Forma Pauperis*" (Application) because Tejada's "underlying action [wa]s frivolous" pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1) (Civil Rule 240(j)(1)), and implicitly dismissing Tejada's pro se Civil Complaint (Complaint) on that basis.[2] On appeal, Tejada argues the trial court erred in dismissing his underlying action as frivolous

---

[1] This case was assigned to the opinion writer before January 7, 2022, when Judge Cohn Jubelirer became President Judge.

[2] While the trial court's Order did not explicitly dismiss Tejada's Complaint, it did so through implication by the language it used.

when he raised cognizable First Amendment[3] retaliation claims under 42 U.S.C. § 1983[4] (Section 1983). Upon review, because this Court's ability to perform meaningful appellate review of the trial court's Order is hindered by the trial court's failure to offer any explanation for its determination that Tejada's underlying action was frivolous, as required by Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a) (Appellate Rule 1925(a)), we remand the matter to the trial court to issue an opinion providing such explanation.

On or about September 26, 2020, Tejada filed the Complaint under Section 1983 against Sue Dowd, Rene Styka, and Jonathan Simpson (collectively, Appellees)[5] in their individual and official capacities. Therein, Tejada alleged[6] that Appellees violated his due process rights under the First, Fourth,[7] Ninth,[8] and Fourteenth[9] Amendments to the United States Constitution by "repeatedly

---

[3] U.S. CONST. amend. I.
[4] Section 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.
[5] Dowd and Styka are Unit Managers at State Correctional Institution Frackville (SCI-Frackville), and Simpson is a Lieutenant at SCI-Frackville. (Original Record (O.R.) Item 1, Complaint ¶¶ 1-3.) Appellees are not participating in this matter.
[6] Given our disposition, we do not set forth Tejada's allegations in detail.
[7] U.S. CONST. amend. IV.
[8] U.S. CONST. amend. IX.
[9] U.S. CONST. amend. XIV.

2

confiscating and destroying [Tejada's] property without due process." (Original Record (O.R.) Item 1, Complaint at 1.) Tejada further averred that, after he filed grievances relating to the confiscation and destruction of his property, Appellees retaliated against him in violation of the First Amendment and Fourteenth Amendment, to the United States Constitution. (*Id.* ¶¶ 13-16.) Tejada also alleged that Appellees conspired "to violate [Tejada's] constitutional rights and doctored . . . [evidence] in furtherance of the conspiracy." (*Id.* ¶ 26.) As relief, Tejada sought to have Appellees pay compensatory and punitive damages in their "individual capacit[ies]" and various forms of injunctive relief. (*Id.* at 7.)

Prior to service of the Complaint on Appellees, the trial court entered its Order, which states:

> **AND NOW**, this 20th day of October, 2020, upon consideration of the Plaintiff's Motion to Proceed in Forma Pauperis, it is hereby **ORDERED** that the said Motion is **DENIED** as the underlying action is frivolous.[1]
>
>> FN 1 The Plaintiff filed this pro se civil complaint, together with a petition to proceed in forma pauperis. **Pa.R.C[iv].P. 240(j)** provides: "If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed in forma pauperis, the court prior to acting upon the petition may dismiss the action . . . if it is satisfied that the action . . . is frivolous.["] A frivolous action has been defined as one that "lacks an arguable basis either in law or in fact." *Nei[t]zke v. Williams*, 490 U.S. 319 . . . (19[89]).

(O.R. Item 3, Trial Court (Ct.) Order, 10/20/2020.)

Thereafter, Tejada filed his Notice of Appeal[10] and, without being directed to do so, a Concise Statement of Errors Complained of on Appeal (Statement) pursuant to Pennsylvania Rule of Appellate Procedure 1925(b), Pa.R.A.P. 1925(b), setting forth the errors he believed the trial court committed in dismissing the Complaint as frivolous. In response to Tejada's appeal and Statement, the trial court entered an order, dated December 23, 2020, that, among other things, explained that "[t]h[e] [c]ourt's Order dated October 20, 2020, [wa]s attached as the [t]rial [c]ourt [o]pinion pursuant to [Appellate Rule] 1925[(a)]." (O.R. Item 6, Trial Ct. Order, 12/23/2020.)

This matter is now before this Court to determine whether the trial court erred in dismissing Tejada's Application and Complaint as frivolous under Civil Rule 240(j)(1).[11] Civil Rule 240(j)(1) states:

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Id.*, *Note* (quoting *Neitzke*, 490 U.S. at 325). Here, the trial court concluded this standard was met, and, therefore, dismissed the Complaint and denied the Application by simply reiterating the above language in its October 20, 2020

---

[10] Tejada initially filed his appeal in the Superior Court, which transferred the appeal to this Court.

[11] Our review of a trial court's decision dismissing a matter pursuant to Civil Rule 240(j) is "limited to a determination of whether constitutional rights have been violated, [and] whether the trial court abused its discretion or committed an error of law." *McGriff v. Vidovich*, 699 A.2d 797, 798 n.2 (Pa. Cmwlth. 1997).

4

Order, which it then used as its "Opinion pursuant to [Appellate Rule] 1925[(a)]." (O.R. Item 6, Trial Ct. Order, 12/23/2020.)

Appellate Rule 1925(a)(1) states, in pertinent part:

> Upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, **shall** . . . **file of record at least a brief opinion** of the **reasons for the order**, . . ., or shall specify in writing the place in the record where such reasons may be found.

Pa.R.A.P. 1925(a)(1) (emphasis added). Thus, Appellate Rule 1925(a) "require[s] a trial court, upon notice of appeal from an order issued by that court, to file an opinion **detailing the reasons for the order** or to specify in writing the place in the record where such reasons may be found." *Lemon v. Dep't of Transp., Bureau of Driver Licensing*, 763 A.2d 534, 537 n.2. (Pa. Cmwlth. 2000) (emphasis added) (citing Pa.R.A.P. 1925(a)). The purpose of Appellate Rule 1925(a) "is to facilitate appellate review of a particular trial court order. Additionally . . . the rule fulfills an important policy consideration by providing . . . the legal basis for a judicial decision." *Commonwealth v. Parrish*, 224 A.3d 682, 692 (Pa. 2020) (quoting *Commonwealth v. DeJesus*, 868 A.2d 379, 382 (Pa. 2005)) (internal quotations omitted). Appellate Rule 1925(a) is satisfied so long as "the trial court provides at least a **short statement** indicating the reasons for the ruling." *Brown v. Zaken* (Pa. Cmwlth., No. 1347 C.D. 2016, filed Sept. 21, 2017), slip op. at 7 (emphasis added).[12] Requiring the trial court to explain its reasoning "provide[s] the appellate court with a reasoned basis for the trial court's order." *Lemon*, 763 A.2d at 537 n.2. "Without an explanation as to why [a] complaint is frivolous, this Court is unable to conduct

---

[12] Pursuant to Pennsylvania Rule of Appellate Procedure 126(b), Pa.R.A.P. 126(b), and Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a), an unreported opinion, while not precedential, may be cited as persuasive.

meaningful appellate review of the trial court's order and [the appellant's] issues on appeal." *Brown*, slip op. at 7.

Absent from the trial court's Order, which constituted its 1925(a) Opinion, is "the legal basis for [its] judicial decision," *Parrish*, 224 A.3d at 692, "a short statement indicating the reasons for [its] ruling," *Brown*, slip op. at 7, or citation to "the place in the record where such reasons may be found," Pa.R.A.P. 1925(a)(1). Instead, the trial court simply quoted Civil Rule 240(j)(1) and its Note and stated, in a conclusory fashion, that the underlying action was frivolous, without stating how or why the particular claims set forth in Tejada's Complaint met that standard. Such lack of explanation does not satisfy the requirement of Appellate Rule 1925(a)(1) that a trial court provide "the reasons for the order," Pa.R.A.P. 1925(a)(1), and does not "facilitate appellate review of [the] . . . trial court['s] order," *Parrish*, 224 A.3d at 692. The remedy for non-compliance with Appellate Rule 1925(a) "is a remand to the trial court with directions that an opinion be prepared and returned to the appellate court." *Lemon*, 763 A.2d at 537.

Because the trial court did not include any reasons for why it determined that Tejada's action was frivolous, the Court cannot engage in adequate and meaningful appellate review of the trial court's Order. *Parrish*, 224 A.3d at 692; *Brown*, slip op. at 7. Thus, we remand the matter to the trial court to prepare, within 30 days, an opinion in accordance with Appellate Rule 1925(a) in support of its October 20, 2020 Order.

_____
**RENÉE COHN JUBELIRER,** Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ricky Tejada,                 :
             Appellant     :
                              :
         v.                 :    No. 484 C.D. 2021
                              :
Sue Dowd, Rene Styka and      :
Jonathan Simpson           :

# O R D E R

**NOW**, May 25, 2022, the above-referenced matter is **REMANDED** to the Court of Common Pleas of Schuylkill County with the instruction that it issue an opinion in accordance with Pennsylvania Rule of Appellate Procedure 1925(a), Pa.R.A.P. 1925(a), within 30 days of the date of this Order. The Prothonotary shall send a copy of this Order to the Judge of the Court of Common Pleas of Schuylkill County who issued the October 20, 2020 Order and to the Prothonotary of Schuylkill County.

Jurisdiction retained.

_____
**RENÉE COHN JUBELIRER,** Judge