# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Rankins,                          :
                        Appellant         :
                                          :
            v.                            :   No. 978 C.D. 2021
                                          :   Submitted: February 11, 2022
COI McConaughey, COI Drening,             :
COI Boyd, COI Park, COI Rentz,            :
COI Low, Superintendent Luther,           :
Assistant Superintendent Hollidaugh       :
and CO Grassmyer                          :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE STACY WALLACE, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**        **FILED: March 22, 2023**

Williams Rankins (Rankins), pro se, appeals from the April 30, 2021 Order of the Court of Common Pleas of Huntingdon County (common pleas), granting Rankins' Motion for *In Forma Pauperis* (IFP) Status but dismissing Rankins' Civil Complaint (Complaint) as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1). Because common pleas granted Rankins IFP status, it lost the opportunity to dismiss the Complaint as frivolous under Rule 240(j)(1). As a result, the Court is constrained to vacate common pleas' Order to the extent it dismissed this matter as frivolous and remand this matter for further proceedings.

On December 23, 2020, Rankins filed a Complaint against COI McConaughey, COI Drening, COI Boyd, COI Park, COI Rentz, COI Low, Superintendent Luther, Assistant Superintendent Hollidaugh, and CO Grassmyer (collectively, Appellees), all of whom are employed by the Department of Corrections (DOC) at the State Correctional Institution at Smithfield (SCI-Smithfield). Therein, Rankins alleged that Appellees violated his rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution, U.S. CONST. amends. I, VIII, XIV. Specifically, Rankins averred that Appellees violated his First Amendment right to access the courts, by withholding legal mail from a federal magistrate judge such that by the time it was received, the deadline to file objections had nearly run, and it was too late to request additional time. (Complaint, Record Item 1 at 1.) Rankins also alleged that Appellees engaged in cruel and unusual punishment in violation of the Eighth Amendment by refusing to provide him with two hours of physical recreation time on two occasions and conspiring to conduct repeated and unwarranted "pat" searches to harass and humiliate Rankins. (*Id.* at 1-3.) Rankins also averred Appellee Drening used excessive force by spraying him with pepper spray in an unprovoked attack. (*Id.* at 3-5.) Lastly, Rankins avers that Appellee Hollidaugh, a grievance officer at SCI-Smithfield, violated his First and Fourteenth Amendments by "thwart[ing] [the] administrative process." (*Id.* at 9.)

On December 28, 2020, common pleas entered an Order directing, among other things, that "the Prothonotary . . . take no action on this matter[,] until [Rankins] pays the appropriate filing fee or until he files and is approved for [IFP] status." (Common Pleas' December 28, 2020 Order, Record Item 2.) On January 21, 2021, Rankins filed a Motion for IFP. (Motion for IFP, Record Item 3.)

On April 30, 2021, prior to service of the Complaint on Appellees, common pleas entered the Order granting Rankins IFP status and dismissing his Complaint pursuant to Rule 240(j)(1). Therein, common pleas states that the Complaint, "lacks an arguable basis in law or in fact, and thus does not set forth a valid cause of action." (Common Pleas' April 30, 2021 Order, Record Item 6, at 1.) Specifically, common pleas held Rankins did not establish Appellees' action with regard to his mail was intentional or that Rankins suffered any injury as a result of the alleged delay. (*Id.* at 2.) Common pleas also held that Rankins did not "state clear and specific legal bases for his Eighth Amendment claims" or "specify what category of claims he is asserting." (*Id.* at 2-3.) Common pleas stated it "could try to guess what types of claims [Rankins] is trying to raise under the Eighth Amendment, but any conclusion that might be drawn would be exactly that – a guess." (*Id.* at 3.) Common pleas explained that to do so would "effectively require [it] to act as counsel for [Rankins], sifting through his raw allegations to identify what claims might be possible and then establish what the elements are[,]" which it declined to do. (*Id.*)

Thereafter, Rankins filed his Notice of Appeal with the Pennsylvania Superior Court, which subsequently transferred Rankins' appeal to this Court. On November 23, 2021, Appellees filed their Notice of Non-Participation because the matter was dismissed by common pleas as frivolous prior to service of the Complaint. This matter is now before this Court to determine whether the trial court erred in dismissing Rankins' Complaint as frivolous under Civil Rule 240(j)(1).[1]

Rule 240(j)(1) states:

---

[1] Our review of a trial court's decision dismissing a matter pursuant to Civil Rule 240(j)(1) is "limited to a determination of whether constitutional rights have been violated, [and] whether the trial court abused its discretion or committed an error of law." *McGriff v. Vidovich*, 699 A.2d 797, 798 n.2 (Pa. Cmwlth. 1997).

> If, simultaneous with the commencement of an action or proceeding or the taking of an appeal, a party has filed a petition for leave to proceed *in forma pauperis*, the court **prior to acting upon the petition** may dismiss the action, proceeding or appeal if the allegation of poverty is untrue or if it is satisfied that the action, proceeding or appeal is frivolous.

Pa.R.Civ.P. 240(j)(1) (emphasis added). An action is frivolous if it "lacks an arguable basis either in law or in fact." *Id.*, *Note* (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). "In evaluating the legal sufficiency of the challenged pleading, we accept as true all well-pled material, and relevant facts alleged and every inference that is fairly deducible therefrom." *Scrip v. Seneca*, 191 A.3d 917, 923 (Pa. Cmwlth. 2018). When "we review [a pro se] complaint for validity under Rule 240. . . [it] should not be dismissed simply because it is not artfully drafted." *Ocasio v. Prison Health Servs.*, 979 A.2d 352, 354 (Pa. Super. 2009) (citing *Hill v. Thorne*, 635 A.2d 186 (Pa. 1993).[2] Rather, "the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996).

It is not necessary to determine whether Rankins' Complaint was frivolous or whether he should have been permitted to file an amended pleading to cure the alleged deficiencies identified by common pleas. This is because common pleas had already granted Rankins IFP status and thus lost the ability to dismiss the matter as frivolous under Rule 240(j)(1). In *Grosso v. Love*, 667 A.2d 43 (Pa. Cmwlth. 1995), the Court held dismissal under Rule 240(j)(1) could only occur **before** common pleas grants IFP status. The Court recently reaffirmed this principle in *LeBlanc v.*

---

[2] While not binding, Superior Court decisions "offer persuasive precedent where they address analogous issues." *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

*Wetzel*, 286 A.3d 394 (Pa. Cmwlth. 2022). Accordingly, the Court is constrained to vacate common pleas' Order to the extent it dismissed the Complaint as frivolous and remand this matter for further proceedings.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

William Rankins,                        :
                    Appellant          :
                                       :
          v.                           :    No.  978 C.D. 2021
                                       :
COI McConaughey, COI Drening,          :
COI Boyd, COI Park, COI Rentz,         :
COI Low, Superintendent Luther,        :
Assistant Superintendent Hollidaugh    :
and CO Grassmyer                       :

# **O R D E R**

    **NOW**, March 22, 2023, the April 30, 2021 Order of the Court of Common Pleas of Huntingdon County is hereby **VACATED** to the extent it dismissed the Complaint filed by William Rankins as frivolous.  The Order granting Rankins in forma pauperis status is otherwise **AFFIRMED**.  This matter is **REMANDED** for further proceedings consistent with the foregoing opinion.

    Jurisdiction relinquished.

 

_____
**RENÉE COHN JUBELIRER,** President Judge